ABRAHAM, Appellant, vs. CLARK and another, Respondents.

*October 15—November 11, 1930.*

452

L. E. *Vaudreuil* of Kenosha, for the appellant.

For the respondents there was a brief by *Stephenson, Fisher & Richardson* of Kenosha, and oral argument by *Chester D. Richardson.*

FOWLER, J. The appellant assigns as error the changing of the answers of the jury to the questions respecting defendant's negligence and claims that judgment should have been entered for plaintiff upon the verdict. From the statement of facts above made we are of opinion that defendant's

negligence was a jury question. The jury might properly have inferred from the evidence that the Clark car was 160 feet from the Brown car when Brown started to turn left, and that had Mrs. Clark been driving at such speed and kept such control of her car as the circumstances required she would have avoided the Brown car and thus have avoided the collision in which plaintiff was injured. Abraham so turned to the right and reduced his speed as to avoid interference with the Brown car and was practically stopped when the Clark car collided with his car. The jury might properly have considered that Mrs. Clark should have been able to control her car and to reduce her speed likewise, and that had she done so she would have avoided both collisions.

The trial court should have entered judgment upon the verdict with provision that the amount paid by Brown pursuant to the covenant not to sue be applied towards satisfaction of the judgment.

*By the Court.*—The judgment is reversed, with directions to enter judgment for plaintiff as indicated in the opinion.