LEE A. BAILEY, APPELLEE, V. CABEL W. BRYANT, APPELLANT.

FILED NOVEMBER 16, 1934.  No. 29018.

*Story & Thomas,* for appellant.

*Rosewater, Mecham, Burton, Hasselquist & Chew* and *Donald S. Krause,* contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY and PAINE, JJ., and REDICK, District Judge.

GOSS, C. J.

Defendant appeals from a judgment against him arising from an automobile collision in Iowa and therefore governed by the Iowa laws.

Defendant and his wife had picked up their old friends, plaintiff and his wife, to take them from Omaha to Carter Lake Club, to see a twilight game of baseball. Defendant was driving his car with plaintiff seated at his right and the women were in the back seat. They went east until they reached Thirteenth street, a street paved for 20 feet of its width, and with good dirt shoulders, where they turned north. After driving north about 600 feet defendant's car collided with a car standing still, facing west on

the east side of the intersection of Perkins street, as a result of which plaintiff was injured.

There was evidence the collision occurred about 6:30 p. m. August 10, 1932; after turning north the sun interfered with defendant's vision and he drove with one hand, shading his eyes with the other; the car was not equipped with a sunshield and defendant started a conversation on that subject in which at least his wife engaged; there was evidence he was driving somewhere between 30 and 40 miles an hour at the time of the collision; after the car had turned into Thirteenth street his wife "asked him to slow down a little bit" and as he complained of the sun plaintiff admonished him to be careful if he could not see where he was going; as he approached the intersection defendant had his head turned to the right in conversation with his wife about the purchase of curtains for the car; until the collision he did not see the other car which had entered the intersection and stopped; though the paved street was not arterial, the driver of the other car so treated it, because of high weeds on the east side of Thirteenth street south of Perkins, and stopped 10 or 15 feet short of it, started in low gear, shifted to second and drove his front wheels upon the pavement and stopped when he saw defendant's car coming on the right side of the pavement, 75 or 100 feet away, with its driver looking back; defendant did not slow down, nor change his course, though there was time to stop and ample room to pass on the pavement; the right front of defendant's car struck the left front of the other car, turned it around to the north and over on its side; defendant's car went toward the left, through a fence and into a field about 150 feet from the place of impact; there were no other cars in sight.

Logically and chronologically, the first six assignments of error raise the question as to the sufficiency of the evidence and, corollary thereto, the question of the duty of the court to direct a verdict for defendant, but we think it will save space to take up first the assignment against

the fourth instruction given by the court to the jury, purporting to state the gist of the Iowa guest law which both parties pleaded. Plaintiff proved the statutes and offered in evidence, as likewise did defendant, many decisions of the supreme court of Iowa relating to reckless driving under the Iowa statutes.

The fourth instruction just referred to is as follows:

"You are instructed that the accident in question occurred in the state of Iowa, and the rights of the parties are governed by the laws of that state as set forth in the pleadings. The statute of Iowa provides as follows: 'The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle.' Iowa Code 1931, sec. 5026-b1.

"It is not claimed that the defendant was intoxicated; the only ground of recovery alleged by the plaintiff is that he suffered the injuries of which he complains because of the reckless operation by the defendant of the automobile in which the plaintiff was riding with the defendant as an invited guest at the time of the accident or collision between the two automobiles.

"With regard to the term 'reckless operation' used in the statute, you are instructed that it was the evident intention of the legislature of the state of Iowa to exempt the driver of an automobile from liability for injuries suffered by the guest because of ordinary negligence on the part of the driver, and to permit such guest to recover only when injuries were the result of recklessness as distinguished from mere negligence on the part of the driver. It is therefore necessary to distinguish between negligence and recklessness in the determination of this case.

"Negligence is the doing of some act under the circumstances that an ordinarily prudent person would not do, or the failure to do some act or take some precaution which

a person of ordinary prudence would have done or taken.

"Recklessness is heedlessness or indifference to the rights of others or of the consequences of one's acts; it signifies the driving of an automobile heedlessly and in a reckless disregard of the rights of others or of the consequences.

"For mere negligence the defendant would not be liable. For recklessness, that is to say if you find the defendant was operating his car in disregard of the safety and rights of others or of the consequences, he would be liable to invited guests if the injuries were proximately caused by defendant's recklessness."

An examination of the transcript in *Jennings v. Biurvall*, 122 Neb. 551, shows that the instruction there and here are almost identical. In the opinion in the *Jennings* case the instruction as there quoted omitted the last paragraph of the instruction actually given as shown by the transcript. The instruction seems a perfect model in Iowa guest cases in which the facts justify instructions and so we have quoted it in full. The instruction seems to accord with Iowa decisions on its guest law. *Siesseger v. Puth*, 213 Ia. 164; *Neessen v. Armstrong*, 213 Ia. 378; *Siesseger v. Puth*, 216 Ia. 916.

Defendant complains of the refusal to give his fourth requested instruction in which he presented substantially the same definition of the word "reckless" as was given by the court and then added these words: "You are instructed that the term 'reckless' does not mean momentary thoughtlessness, inadvertence of judgment or mere negligence." The court's instruction fairly covered the last two thoughts. He was justified in refusing the negatively phrased "momentary thoughtlessness" idea because that was one of the real circumstances submitted to the jury in general and affirmative terms. To single out the circumstance of his looking back while engineering a most dangerous machine and driving into inevitable disaster and to instruct the jury that it did not matter would have invaded the province of the jury. It is an evidence of

negligence and is frequently the essence of recklessness for one driving a motor car forward ever to look backward. There was no error in leaving this to the jury, as the court did, rather than to take it away from them as the defendant requested.

In a recent opinion (April 3, 1934), announced after the briefs were filed herein, the Iowa court held that a gratuitous guest has a right to have the facts submitted to a jury when there is evidence that the owner and operator of the car was traveling at an excessive rate of speed without a proper lookout or control of his automobile. *White v. Center*, 254 N. W. (Ia.) 90. There was testimony that the defendant's car ran into a load of corn traveling on its own side of the road. The trial court directed a verdict for the defendant. The supreme court reversed the judgment, saying: "Under the evidence presented in this case, we think a jury might reasonably infer that, if the driver of the automobile used any care whatever in keeping a lookout ahead, he must have seen the wagon when he was a sufficient distance away from it that he could have easily slowed down or turned out and thus have avoided hitting it. If he did not see this wagon, which the evidence shows was visible for at least a quarter of a mile, he was certainly guilty of recklessness in using no care whatever."

Under the facts and applicable Iowa decisions, we think that it was proper to submit this controversy to the jury.

Here defendant complains the court erred in refusing to give a requested instruction that the defendant assumed the risk. In the Iowa case just quoted the court said: "The evidence in the case before us does not show that appellant had any knowledge of or acquiesced in the acts of the driver which it is claimed caused the accident, and we cannot say, as a matter of law, that the appellant is debarred from recovery because he assumed the risk of the reckless acts of appellee upon which he seeks to recover." The evidence here is very similar. We do not think the court erred in refusing the instruction.

848

Defendant says the court erred in receiving in evidence the speed ordinance of the town of Carter Lake, fixing maximum speed at 30 miles an hour. On the trial the only objection defendant made to the ordinance was that it was incompetent and irrelevant to any issue in the case. He explained that by saying his objection was based upon a belief that the ordinance had been superseded by statute. In his motion for new trial he said the ordinance was improperly received "as no proof was offered that the accident occurred in Carter Lake." In his amended answer he pleads that the collision occurred in the suburban district of the village and pleads the statute, which says that the speed in a suburban district shall be the same as "that provided by law for vehicles on highways outside of cities and towns." The same statute was offered by plaintiff and received in evidence. We do not find any maximum speed statute in Iowa. After this fact developed on the trial the defendant did not move to strike the ordinance from the evidence, did not request any instruction, and the court made no reference to the ordinance. The whole theory upon which the case was tried was that defendant was reckless in his inattention to the road and so failed to see the other car until he drove into it. If he had been going 25 miles an hour the collision would probably have occurred. We do not think admitting the ordinance was, in the circumstances, prejudicially erroneous.

The judgment of the district court is

AFFIRMED.