MARY M. McKLVEEN, Administratrix, Appellee, v. H. JAY TOWNLEY et al., Appellants.

No. 45592.

JUNE 17, 1941.

REHEARING DENIED SEPTEMBER 19, 1941.

G. C. Stuart, A. V. Hass, and Reed &'Beers, for appellee.

McCoy & Beecher, for appellants.

SAGER, J.— On the 16th day of December, 1938, Vernon Townley, who will for convenience be spoken of as if the sole appellant, was driving the car of co-defendant (his father) with the latter's consent. Appellant was a student at Iowa City and on the date mentioned had returned to his home in Waterloo. In keeping with some previous arrangement he drove to New Virginia to pick up Virginia McKlveen, appellee's intestate, and from thence proceeded to Des Moines to meet mutual friends. Immediately at and for some distance prior to the point of the accident, appellant was driving approximately north on a pavement eighteen feet wide to a point where the highway swings to a curve to the northwest at an angle of about fifty-one degrees.

At the same time one Ressler was coming from the north on the west side of the pavement with a truck and trailer. The vehicles met in violent collision, the right front of appellant's car striking against the left front of the truck. The condition of the truck is not described, but the right front of the car was completely crushed. When the accident was over the truck was on the west or right-hand side of the road, with the rear of the trailer a short distance on the pavement. The car was close by, on the wrong side of the highway and off of the pavement.

The witnesses who first approached say that the truck was in the ditch and against the bank. There was in fact scarcely any ditch, but a slight depression and a steep incline as will appear by the photograph to which reference will be made. Appellee's intestate was found near the truck dead with her neck broken. Appellant lay nearby unconscious. Roach, riding with the driver of the truck, was dazed or practically unconscious. Ressler's condition at the time was not described and is not important. He died before the trial and we do not have the benefit of his testimony.

From here on the picture becomes blurred and obscure. Appellant remembers only a crash and has no memory of events beyond that. No witnesses, other than those in the vehicles involved, saw them come together. This leaves only the witness Roach. He testified that the truck in which he was riding was moving about thirty-five miles per hour but did not know whether it had stopped before the accident. He testified that he saw appellant's car at a distance of 500 to 600 feet. He may have meant that he saw the reflection of lights at that distance. He said he saw the car only an instant before the impact and that he didn't see it until within fifty to seventy-five feet of it. Again, he said he saw it coming down the ditch on the wrong side of the road for about 200 feet.

We append a photostatic copy of an exhibit used on the trial.

The mark "A" in the middle background shows where the collision occurred. Appellant was driving north to that point while Roach and Ressler approached from the north beyond "A" to the left and behind the embankment shown. The night was dark, and, so far as appears, there was nothing beyond what

this photograph discloses to enable the witness to judge the speed, location or distance of appellant's car. Yet Roach undertook to say that appellant was driving seventy-five to eighty miles per hour and was approaching on the wrong side of the highway. The condition of appellant's car as to whether steering gear or something else went wrong is not shown.

On this record, with the battered condition of the car and its location on the highway before it, the trial court held that there was sufficient evidence to take to the jury the question of recklessness. Appellant challenged this view by motions to direct and in the motion for new trial. The majority of this court think the trial court was right. As bearing generally on what has gone before, see Artz v. Chicago, R. I. & P. R. Co., 34 Iowa 153; Cooley v. Killingsworth, 209 Iowa 646, 228 N. W. 880; Siesseger v. Puth, 213 Iowa 164, 239 N. W. 46; Neessen v. Armstrong, 213 Iowa 378, 239 N. W. 56; Glass v. Hutchinson Ice Cream Co., 214 Iowa 825, 243 N. W. 352; Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552; Klaaren v. Shadley, 215 Iowa 1043, 247 N. W. 301; Brown v. Martin, 216 Iowa 1272, 248 N. W. 368; Hobbs v. Traut, 218 Iowa 1265, 257 N. W. 320.

Appellant urges that the court in its instructions failed to tell the jury that the only specifications of recklessness that could be considered by it were those contained in the petition. A careful reading of the instructions justifies this complaint. Appellee replies that it is proper for the court to consolidate and paraphrase specific allegations of recklessness set forth in the petition when stating the issues to the jury. This may be conceded without helping appellee's position.

Appellant likewise complains of instruction No. 4 which reads:

"You are further instructed that if you find Vernon Townley immediately preceding the happening of the accident in question *had violated any provisions of the law,* such violation would constitute negligence. The finding of negligence, however, on the part of the driver of the said automobile would not in and of itself constitute recklessness, or entitle the plaintiff to recover. *However, if you find from a preponderance of the evidence that the driver of defendant's automobile immediately preceding the*

*happening of the accident in question violated any of the provisions of the law, and that such violation was the proximate cause of the accident, such violation may be considered by you, together with all other facts and circumstances shown by the evidence, in determining whether or not said driver was guilty of reckless operation of the automobile driven by him,* as recklessness as herein defined, and in the particulars as charged in the plaintiff's petition.''

The objection goes to the portion of the instruction italicized, the specific objection being that it was left to the jury to determine what the provisions of the law were, a violation of which would constitute negligence. The giving of the instruction in this form was error. It is apparent that the jury should not have been permitted to determine whether the defendant violated *any* of the provisions of the law. It left the case wide open for speculation.

Appellant further urges against this instruction that the court was in error in permitting the jury to consider the question of negligence at all, arguing that negligence and recklessness are entirely separate and distinct things, citing Kaufman v. Borg, 214 Iowa 293, 242 N. W. 104; Siesseger v. Puth, supra; and Brown v. Martin, supra. While in these cases there is language to be found which lends support to appellant's contention, we hold that there is no error in the court's instructions with reference to negligence when read in connection with others given. See our pronouncement in Vance v. Grohe, 223 Iowa 1109, 274 N. W. 902.

Appellant next complains of the refusal of the court to give this instruction:

''You are further instructed that the speed at which the car was driven by the defendant, Vernon Townley, at the time of the collision is in and of itself insufficient to warrant a finding of recklessness on the part of the defendant, Vernon Townley.''

While this is a correct statement of the law, a reading of the instructions fails to persuade us that there was error in this refusal.

Other contentions of the parties have been examined but have not been found to merit specific attention herein.

694

For the reasons pointed out, we think the court erred and the cause, therefore, is reversed.—Reversed.

HALE, C. J., and BLISS, MILLER, STIGER, GARFIELD, OLIVER, and MITCHELL, JJ., concur.

WENNERSTRUM, J., takes no part.