BLANCHE GREINER, Administratrix, Appellee, v. W. P. HICKS, Appellant.

No. 45538.

November 18, 1941.

Louis J. Kehoe and Irving L. Block, for appellant.

F. M. Beatty and Henry B. Bailey, for appellee.

144

GARFIELD, J.—On June 22, 1938, defendant took a load of cattle in his truck from Washington, Iowa, to Chicago. After delivering the cattle, he loaded his truck with 5 tons of binding twine and started on the return trip. Plaintiff's decedent, 29 years of age, and one Bennett, the owner of the cattle, rode with defendant as his guests. As he drove west on U. S. Highway 34, a four-lane highway 40-feet wide, in the town of Downers Grove, defendant collided with the left rear end of a 2-ton truck belonging to the Tri-City Packing Co. which was also headed west. Both Greiner and Bennett were killed in the collision.

Shortly prior to the collision the Tri-City truck, driven by one Babcock, was stopped, headed west, partly on and partly off the north side of the paving. It appears without dispute that Babcock backed his truck for some distance shortly before the collision. Babcock as a witness claims that he brought his truck to a complete stop when he saw defendant's truck approaching about two blocks to the east and that it was stationary at the time of impact. It is defendant's claim as a witness that immediately prior to the collision the Tri-City truck backed to the south and east so suddenly and unexpectedly that there was little opportunity for him to avoid the collision. Defendant testifies that he saw the Tri-City truck when he was more than a block east of the place of collision. The highway was straight and fairly level and there was nothing to obstruct the driver's view. An eyewitness placed appellant's speed at the time of impact at 50 to 60 miles per hour.

The administratrix of Greiner's estate brought this suit under the Illinois law permitting recovery for injury to or death of a guest caused by wanton and wilful misconduct of the operator of the motor vehicle. The jury returned a verdict for defendant. Upon plaintiff's motion, the trial court set the verdict aside and granted a new trial, from which ruling defendant has appealed.

I. We have repeatedly held that the trial judge has considerable discretion in the granting of a new trial, and this court will not interfere unless there is a clear abuse of that discretion. Where, as here, the motion for new trial contains numerous grounds, the granting of a new trial will be sustained if any one of the grounds is good. We have also held that

even though no single ground of the motion is sufficient, yet if, when considered together, all grounds reasonably support the granting of a new trial, the order will be affirmed. Brunssen v. Parker, 227 Iowa 1364, 291 N. W. 535; Jordan v. Schantz, 220 Iowa 1251, 1257, 264 N. W. 259; Morton v. Equitable L. Ins. Co., 218 Iowa 846, 850, 254 N. W. 325, 96 A. L. R. 315. We affirm the action of the trial court here.

II. The justification for a new trial most strenuously urged by appellee is that the allegations of her petition stood admitted by appellant's answer as amended and that consequently the trial court should have submitted to the jury only the amount of appellee's recovery. The original answer was, in effect, a general denial. During the course of the trial, the answer was amended by alleging that plaintiff had received from the Tri-City Packing Co., or someone on its behalf, a joint tort-feasor, $2,750, on account of the pecuniary damages resulting from the death of plaintiff's intestate. The amendment was not designated a separate division of the answer. In her motion for new trial, appellee for the first time raised the question that the new matter alleged in the amendment amounted to a waiver of the denial in the original answer; that, therefore, the petition stood admitted. Appellee relies on Miller v. Johnson, 205 Iowa 786, and cases cited page 787, 218 N. W. 472. The rule of these cases is that a denial is waived by the setting up of an affirmative defense in the same division of the answer. It seems to us, however, that this rule is not applicable here. We have held that where the new matter alleged was not in conflict with the denial, but consistent with it, the rule does not apply. See Walters v. Mutual Ben. H. & Acc. Assn., 208 Iowa 894, 896, 224 N. W. 494. Furthermore, appellee, so far as this record shows, proceeded throughout the trial as if the allegations of her petition stood denied by the answer as amended. The trial court apparently was so led to believe. Appellee did not move to separate the amended answer into counts or divisions. She did not raise the question during the trial that the petition stood admitted, by objection to testimony, motion for directed verdict, requested instruction, nor in any other manner. We think, therefore, under this record, appellee cannot claim for the first time after the verdict

146

was returned that under the pleadings the only question at issue was the amount of recovery.

III. It appears in evidence without dispute that appellee received $2,750 from the Tri-City Packing Company and in return executed a covenant not to sue said company, its insurer, its employee Babcock or any other employee "for or on account of damages for the death of Doniel Greiner." The instrument provides that it is not a release but a covenant not to sue. In Instructions 24 and 25, the court told the jury that defendant was entitled to a credit of $2,750 upon any amount they should allow plaintiff. Plaintiff excepted to the instruction, claiming that defendant is not entitled to this credit.

This court has never directly passed on the question whether money paid the injured party by a joint tort-feasor in return for a covenant not to sue the party making payment must be applied to reduce pro tanto the recovery against the other wrongdoer. In Renner v. Model L., C. & D. Co., 191 Iowa 1288, 184 N. W. 611, it was held that an employer was not entitled to credit on payments due from him under the Workmen's Compensation Act for a sum received by the injured employee from a third party, where there was no showing either of a legal liability from the third party or that the money was paid as damages. The statute, in substance, entitles the employer to credit for *damages* paid by a third party *legally liable* therefor. Section 1382, Code, 1939.

Although there are some decisions to the contrary, the decided weight of authority is that whatever consideration is received from a joint tort-feasor for a covenant not to sue reduces pro tanto the recovery against the other wrongdoers. 53 C. J. 1264, section 80; 23 R. C. L. 407, section 36. The cases are cited and discussed in Annotation, 104 A. L. R. 931. Among the numerous cases supporting this rule are Brandstein v. Ironbound Transp. Co., 112 N. J. L. 585, 172 A. 580, 104 A. L. R. 926; Daniels v. Celeste, 303 Mass. 148, 21 N. E. 2d 1, 128 A. L. R. 682; Berry v. Pullman Co., 5 Cir., 249 F. 816, L. R. A. 1918F, 358; Dwy v. Connecticut Co., 89 Conn. 74, 92 A. 883, L. R. A. 1915E, 800, Ann. Cas. 1918D, 270; Abraham v. Clark, 202 Wis. 451, 232 N. W. 865. The theory underlying these decisions is that

while a party is entitled to full compensation for his injuries, there can be only one satisfaction therefor. This court has repeatedly recognized the universal rule that there can be but one satisfaction for an injury. Paine v. Wyatt, 217 Iowa 1147, 251 N. W. 78; Snyder v. Mutual Tel. Co., 135 Iowa 215, 112 N. W. 776, 14 L. R. A., N. S., 321; Miller v. Beck, 108 Iowa 575, 79 N. W. 344.

We are disposed to follow the decided weight of authority and hold that appellant was entitled to the credit of $2,750.

Appellee argues that the court should have required a finding that the Tri-City Company was in fact a joint tort-feasor and actually liable to appellee. This was not necessary. There was ample evidence of the negligence of Babcock, the Tri-City driver, and it sufficiently appears that appellee could have sued the Tri-City Company. It was not necessary (if such were possible) for appellant to show what the outcome of such a suit would be. See Barden v. Hurd, 217 Iowa 798, 253 N. W. 127. Of course, payments by third persons, not wrongdoers, in the nature of gratuity or arising from contract, need not be applied in diminution of damages. Brandstein v. Ironbound Transp. Co., 112 N. J. L. 585, 172 A. 580, 104 A. L. R. 926.

IV. Appellee seeks to justify the granting of a new trial by claiming that the court erred in defining the term, negligence, in Instruction 5. It is argued that negligence was in no way involved in the case and to define the term served merely to confuse the jury. Kaufman v. Borg, 214 Iowa 293, 242 N. W. 104, is cited. This argument overlooks the question of the negligence of Babcock as causing the collision. We think, however, in any event, the instruction was proper. The definition of negligence appears to have been given in order to explain to the jury the difference between negligence and wanton and wilful misconduct. For this purpose, at least, the definition was proper. McKlveen v. Townley, 230 Iowa 688, 693, 299 N. W. 25; Vance v. Grohe, 223 Iowa 1109, 1113, 274 N. W. 902, 116 A. L. R. 332.

V. Appellee also seeks to justify the ruling appealed from because of the claimed error in the giving of Instruction 17 wherein the jury was told that defendant was not liable for

148

the happening of an accident without wilful and wanton misconduct on his part, and if they found that the injury and death of decedent was the result of an unexpected and unforeseen occurrence not caused by such misconduct of defendant, then their verdict should be for defendant. Appellee says there was no evidence to justify the giving of such instruction; that the evidence shows the collision was not the result of accident. Keller v. Gartin, 220 Iowa 78, 261 N. W. 776, and Christenson v. N. W. Bell Tel. Co., 222 Iowa 808, 270 N. W. 394, are cited. The cited cases are readily distinguishable. We think the instruction was entirely proper.

■ VI. Appellee also contends that the granting of a new trial was justified because of the claimed error in Instruction 14 dealing with the question of negligence of Babcock, the Tri-City driver. The jury was told that if Babcock was negligent and his negligence was the sole proximate cause of the collision, then plaintiff could not recover. Appellee complains that the instruction was not proper because no issue was raised by the pleadings as to the negligence of Babcock, citing Johnson v. McVicker, 216 Iowa 654, 247 N. W. 488, and Griffin v. Stuart, 222 Iowa 815, 270 N. W. 442. Appellant's answer contained not only a denial but also allegations that the sole proximate cause of the collision was the act of Babcock "in unlawfully, negligently and without warning backing his said truck into the path of the truck operated by this defendant." Appellee moved to strike these allegations as incompetent and the court sustained the motion. The allegations in the answer were clearly proper and should not have been stricken. Even under the general denial, however, as appellee concedes, it was proper for appellant to show, if he could, that the negligence of Babcock was the cause of the collision. Such showing would be inconsistent with appellee's claim that the cause of the collision was the wilful and wanton misconduct of appellant. We are inclined to hold, therefore, that the court did not err in instructing on the subject of Babcock's negligence.

■ VII. One of the grounds of the motion for new trial was the error in giving Instruction 12 in which the jury was told that if they found plaintiff's decedent and defendant both guilty of wilful and wanton misconduct which was the proxi-

mate cause of the collision, then plaintiff could not recover. This instruction is clearly erroneous for two reasons. First, the matter was entirely beyond the issues. Second, there was no evidence of any misconduct on the part of decedent which justified the instruction. Appellee's exception to this instruction was good. This in itself furnished sufficient reason for the granting of the new trial, especially in view of other errors hereinafter mentioned.

VIII. Because of a retrial, we think it proper to point out other errors shown by the record, even though not challenged by the motion for new trial, to the end that they may not be repeated.

In the 8th instruction the court told the jury that wanton and wilful misconduct might consist of the following: First, where defendant has failed to exercise ordinary care when a known and extraordinary danger is imminent. Second, where defendant, through recklessness, regardless of danger to another, has carelessly failed to discover an extraordinary and impending danger which should have been discovered by the exercise of ordinary care. Third, carelessness so gross in its nature as to indicate a mind reckless and regardless of consequences.

During the course of the trial, the parties stipulated that under Illinois law wilful and wanton misconduct might occur in any of the ways stated in this instruction. Consequently, we express no opinion upon the accuracy of these definitions given the jury. We hold, however, that the evidence was insufficient to warrant the submission of either the second or third of the above definitions, and that the only kind of claimed wanton and wilful misconduct which the court should have submitted was the failure to exercise ordinary care when a known and extraordinary danger is imminent.

IX. In this connection, appellant contends that he was entitled to a directed verdict because the evidence of wilful and wanton misconduct was insufficient, and it was therefore error to set aside the verdict of the jury. See Bennett v. Ryan, 206 Iowa 1263, 222 N. W. 16; Jordan v. Schantz, 220 Iowa 1251, 1254, 264 N. W. 259. This is appellant's strongest claim to a reversal. In view of another trial we refrain from reviewing the evidence. We think, however, when viewed in its most

favorable light, the evidence was sufficient to warrant submission to the jury under the first definition of wilful and wanton misconduct to which the parties stipulated. See White v. Center, 218 Iowa 1027, 254 N. W. 90; Bailey v. Bryant, 127 Neb. 843, 257 N. W. 241.

X. In the 9th instruction the court told the jury that if they found defendant guilty of wilful and wanton misconduct which was the proximate cause of decedent's injury and death, then their verdict should be for plaintiff. This instruction is incorrect. Appellee's petition alleged various specifications of wanton and wilful misconduct. Since appellee specified the acts of misconduct upon which she relied, the jury should have been confined to a consideration of the specifications pleaded. McKlveen v. Townley, 230 Iowa 688, 692, 299 N. W. 25. This same error is repeated in Instruction 14. The instruction is also erroneous and inconsistent with Instruction 2 in failing to require, before appellee could recover, proof of the pecuniary damage resulting from decedent's death. This was a necessary element of plaintiff's case which she must have proven in order to recover.

XI. In Instruction 13 the court stated the Illinois law regarding the speed of motor vehicles and the duty of an overtaking vehicle to pass to the left at a safe distance. The jury was then instructed that if they found defendant violated these provisions of law, they should "determine whether or not said violation, if any, constituted wanton and wilful misconduct." The jury could scarcely fail to understand from this instruction that the mere violation of these statutory provisions constituted wanton and wilful misconduct. This, of course, is not the law and the jury should have been plainly told that mere violation of these statutes would not amount to wanton and wilful misconduct.

Since we find no abuse of discretion in the order granting a new trial, it is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.