ALBERT LATHAM, JR., Appellant, v. DES MOINES ELECTRIC LIGHT COMPANY, Appellee.

No. 46121.

DECEMBER 15, 1942.

Stipp, Perry, Bannister & Starzinger, of Des Moines, for appellant.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellee.

STIGER, J.—This case has previously been before the court, Latham v. Des Moines Electric Light Co., 229 Iowa 1199, 296 N. W. 372. The action was brought against the city of Des Moines and the defendant herein, Des Moines Electric Light Company. The trial court in said case sustained the motion of the electric company to strike from the petition the cause of action against the city of Des Moines on the ground the defendants were not joint tort-feasors.

After the verdict in favor of defendant was returned in the case before us, plaintiff commenced an action in the United States District Court for the Southern District of Iowa against the city of Des Moines alleging the damage to plaintiff's building was caused by the failure of the city to keep the sewer in proper repair and in permitting the sewer to be obstructed by the conduit of the Des Moines Electric Light Company, and asked for judgment for all damages to the building in the sum of $19,045.19. After a jury had returned a verdict in favor of the plaintiff, a stipulation of settlement was filed on June 11, 1942, in which the city of Des Moines agreed to pay plaintiff the sum of $8,000 in full settlement and satisfaction of the cause of action in the federal court. Section 2 of the stipulation reads:

"Upon receipt of the sum of Eight Thousand Dollars ($8,-

000.00), the plaintiff agrees to execute and deliver to the defendant a full and complete release in writing, releasing the defendant and all other persons, firms and corporations from all claims and demands asserted or which could have been asserted in the above entitled action, and from all claims and demands of every kind and character whatsoever arising out of damage to the building owned by the plaintiff, claimed to have been suffered by the plaintiff on or about the 10th day of August, 1939.''

The sum of $8,000 was paid, and thereupon plaintiff executed a release which stated that in consideration of the payment of $8,000, and in accordance with the stipulation, he released and forever discharged ''the City of Des Moines, Iowa, and all other persons, firms and corporations whatsoever from all claims and demands of every kind and character whatsoever, which I now have or might hereafter make against the City of Des Moines, Iowa, or any other person, firm or corporation, for damages to a certain building located at the southeast corner of West Fourth Street and Grand Avenue in the City of Des Moines, Iowa, on or about the 10th day of August, 1939.''

After executing the release, plaintiff dismissed the suit in the federal court against the city of Des Moines.

Appellee's motion to dismiss this appeal is based on the proposition that appellant's claim against it was released by the release given the city of Des Moines and therefore this appeal has become moot.

I. Appellee's first point is that the city of Des Moines and the light company were joint tort-feasors and the release of the city would release the light company—defendant invoking the well-established rule that the release of one joint tort-feasor is a release of both.

The petition in the first suit above referred to alleged the city of Des Moines was negligent in permitting the building and maintenance of the electric conduit in a manner that resulted in the obstruction of the sewer, and that the light company was negligent in maintaining the conduit so as to obstruct the free flow of water in the sewer, and that the defendants were jointly liable for all damage to the building.

It was not necessary in order to make defendants jointly liable that they acted in concert to produce the injury.

In McDonald v. Robinson, 207 Iowa 1293, 1295, 224 N. W. 820, 821, 62 A. L. R. 1419, the court, in considering what tortious acts are necessary to render persons joint tort-feasors, said:

"A common intent, purpose, and design on the part of the wrongdoers to do a particular wrong or injury,—as, for example, where a conspiracy is charged,—is not always essential. There is a large class of cases in which joint liability may exist, from which the element of intent and unity of design and purpose is wholly absent. If the acts of two or more persons concur in contributing to and causing an accident, and but for such concurrence the accident would not have happened, the injured person may sue the actors jointly or severally, and recover against one or all, according to the proven or admitted facts of the case."

However, the motion to strike was sustained and appellee is in no position to contend to the contrary in this case.

██ II. Appellee's second proposition is that, even if the city and the light company were not joint tort-feasors, both were liable for all the damages sustained by appellant and the release and discharge of the claim against the city also released the appellee light company. This proposition must be sustained.

The City of Des Moines and the light company were liable, if at all, for all damages sustained by appellant. There was a single injury, the damage could not be apportioned and appellant made no attempt to do so. In the federal case, as in this case, appellant sought to recover full compensation for the injury to his building sustained through the collapse of the sewer. In each case, appellant sought to recover the same damages to the same building occurring at the same time and in the same manner.

Appellant accepted the sum of $8,000 from the city in full satisfaction and payment of his claim and he is entitled to but one satisfaction for his injury. It follows that the settlement barred another recovery against appellee for the same injury.

Appellant's contention that his damages were over $19,000 and that he received only $8,000 and therefore has not received

full compensation for his injuries cannot be sustained. Whether a cause of action is released depends not on the amount of money received but on whether the amount received was accepted in full satisfaction of the claim. In Middaugh v. Des Moines I. & C. S. Co., 184 Iowa 969, 981, 169 N. W. 395, 398, this same contention was made, and in reply thereto the court said:

"The more troublesome inquiry arises when we consider whether it does or does not conclusively appear that plaintiff demanded and received from the railway company full compensation for the injuries of which he complains. When we say 'full compensation,' we do not use the words in the sense of complete or adequate compensation, nor such compensation as he might possibly have been entitled to recover, had the law suit been prosecuted to verdict and judgment. It was the right of the plaintiff to make peace with his adversary on such terms as to him seemed prudent and wise; and if they came to an agreement upon the amount which would satisfy the plaintiff's demand for the loss and injury sustained by him, and he accepted payment, and executed a release on that basis, the consideration so demanded and received was, in a legal sense, full payment, and he cannot recover another or further payment from any other person for the same wrong. As said by the Supreme Court of the United States, in Lovejoy v. Murray, 3 Wallace (U.S.) 1:

" 'When the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damages.' "

In Phillips v. Werndorff, 215 Iowa 521, 523, 243 N. W. 525, 526, we said:

"The law is equally well settled in this and perhaps all other jurisdictions that but one satisfaction for an injury received may be had: that is to say, that, if a settlement and release is obtained from one who is liable for all of the suffered injuries and compensation made therefor, no action may be maintained against another, who may also have been liable for the whole or some part thereof."

In an annotation in 50 A. L. R. 1100, it is said:

"The majority of the cases sustain the following conclusion: A release to one liable with another, or others, for the same injury, releases the other or others, where each of the tort-feasors is liable for the entire damages suffered by the injured party; it is immaterial whether they are jointly liable. But, where a person liable with others for an injury is liable only for the part contributed by him, a release to him does not release the others. The distinction is between a divisible and an indivisible cause of action."

III. Another reason assigned by appellee as a ground for the dismissal of the appeal is that it was released by the express terms of the release in the federal case, wherein it is provided in consideration of the sum of $8,000 appellant released "all other persons, firms and corporations whatsoever from all claims and demands of every kind and character whatsoever, which I now have or might hereafter make against the City of Des Moines."

Appellant contends that on a retrial of the case, if the release were pleaded as a defense he could show by parol evidence that the instrument was not intended to release appellee because it is a stranger to the instrument.

Because of our ruling in division 2 of this opinion, it is unnecessary to pass on this proposition.—Appeal dismissed.

All JUSTICES concur.