Drexel V. Dungy, administrator of estate of Richard D. Dungy, deceased, appellee, v. Ludwig Benda, appellant.

No. 49965.

(Reported in 102 N.W.2d 170)

628

April 5, 1960.

Larson & Carr, of Charles City, for appellant.

DeWolf, Goodman & Huisman, of Grundy Center, for appellee.

Thompson, J.—The plaintiff, as administrator of the estate of his minor son, brought this action to recover damages for the wrongful death of his intestate. Two other actions, also brought by the plaintiff as administrator of the estates respec-

tively of another minor child, Debra Ann Dungy, and of his wife, Violet May Dungy, are identical in issues and facts with the one submitted here, and appeal has been taken from the same ruling in each. The alleged causes of action arose from a collision between an automobile owned by the defendant and driven by his wife, Marie L. Benda, with a Chicago, Rock Island & Pacific Railroad Company engine, on October 5, 1956. Marie L. Benda was accompanied in the car by a child of herself and defendant, and by her sister, Violet May Dungy, and the two minor children of Violet May Dungy and the plaintiff. All five of the occupants of the automobile were killed in the collision. The three suits for wrongful deaths were filed on October 4, 1958. We shall hereinafter refer only to the action brought by the administrator of the estate of Richard D. Dungy.

The asserted defense material here, which is set up in Division IV of the answer, is that on April 8, 1959, the plaintiff, upon application to and with leave of court, settled his claim against the railroad company for the sum of $1000, and executed and delivered to it a full release; and this release, it is asserted, likewise released the defendant. A copy of the release was attached to the answer, and we set it out here:

"RELEASE.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY
Paid by Voucher

"FILE No. 56-3097　　　Dungy, Richard　　　Audit No. 43031
vs. Rock Island Division

L. J. Zenke
Auditor Disbursements

"FULL RELEASE OF ALL CLAIMS FOR DAMAGES

FOR THE SOLE AND ONLY CONSIDERATION OF

"One Thousand and No/100 - - - - - - - - - - Dollars ($1,000.00), the receipt of which is hereby acknowledged, I hereby release and forever discharge the Chicago, Rock Island and Pacific

Railroad Company, its agents and employees, and all companies whose lines are leased to or operated by it, from any and all claims and demands of every kind or character which, both in my individual and representative capacity as hereunto subscribed, I now have or may hereafter have on account of any and all injuries, known and unknown, and the consequences thereof, whether developed or undeveloped, or death, if death ensued, sustained by
Richard Dungy ———————————— at or near LaPorte City, Iowa, on or about October 5, 1956, while a traveler on highway
"In Witness Whereof, I have hereunto set my hand and seal at Grundy Center, Iowa, on this 8th day of April, 1958.
"I Know That This Release Is in Full and Final Settlement of All Claims Which Can Be Made by Me Both as an Individual and in My Representative Capacity as Hereunto Signed.

| Drexel V. Dungy (Seal) |
|---|
| Administrator of Estate of Richard Dungy, Deceased |
| Representative Capacity |

Witnesses to Signature:

| Roger R. DeWolf |
|---|
| Charles I. Goodman |

"Paid by Draft No. 193462 drawn by F. H. Bain, Claim Agent, Mason City, Iowa."

By reference the application for authority to settle and the order of the probate court authorizing settlement were made a part of this division of the answer, and these appear in the record, and are quoted:

"Application To Compromise Claim
"Comes now Drexel V. Dungy, and shows to the Court that he is the duly appointed, qualified, and acting Administrator

of the Estate of Richard Dungy, deceased, who died on October 5, 1956, as a result of an automobile accident and a train collision in Black Hawk County, Iowa.

"That the Estate of the above named decedent was opened so that this Administrator could pursue the remedies as provided by law for the wrongful death of Richard Dungy, deceased, as a result of said automobile and train collision in Black Hawk County, Iowa.

"That this Administrator has previously in this Court applied for an application for authority to prosecute the claims for the decedent's wrongful death, and to employ attorneys to do so, and the Court has granted this Administrator such authority.

"That this Administrator has diligently pursued the matter and has consulted with his attorneys concerning the advisability in commencing a suit against the Chicago, Rock Island and Pacific Railroad Company.

"That it now appears that this Administrator can compromise this matter for the sum of One Thousand Dollars ($1000.00) with the Chicago, Rock Island, and Pacific Railroad Company; that it is the opinion of this Administrator and his attorneys that it would be the best advantage that he accept this compromise settlement as offered by the above named railroad.

"That the only heir of the said Richard Dungy, deceased is this Administrator, his father, Drexel V. Dungy.

"WHEREFORE, this Administrator asks that the Court by proper order, authorize him to settle and compromise his claim for wrongful death of the above named decedent, and that he be authorized to do all things necessary towards furnishing said railroad with the appropriate releases for the same.

/s/   Drexel V. Dungy"

(Duly verified)

"ORDER FOR AUTHORITY TO COMPROMISE CLAIM

"And now, on this 17 day of April, 1958, A. D., this matter comes on for hearing upon the application of the Administrator

in this above named estate, asking for authority to compromise and settle a claim against the Chicago, Rock Island, and Pacific Railroad Company.

"And the Court, being fully advised in the matter, and after having listened to argument of counsel regarding the same, it is the opinion of this Court that it would be to the best interests of this estate that said claim be compromised and settled.

"It Is Therefore Ordered, Adjudged And Decreed, that the Administrator, Drexel V. Dungy, is hereby authorized to compromise the claim and accept settlement against the Chicago, Rock Island, and Pacific Railroad Company for the sum of One Thousand Dollars ($1000.00) in cash, and said Administrator is hereby authorized to sign any and all releases necessary to properly release this claim."

No reply was filed to this division of the answer, and accordingly the well-pleaded allegations stand admitted. Rule 73 and author's comment, Cook's Iowa Rules of Civil Procedure, Volume 1, page 493; R. C. P. 102; Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1193, 24 N.W.2d 751, 753. It is therefore evident that the plaintiff has given the railroad company a full release for all claims arising out of the same collision referred to in his petition against the defendant resulting in the death of his decedent. The trial court under rule 105 refused to hold Division IV of the answer was a full defense and we granted leave to appeal.

I. The question of when a release of one party against whom a claim is asserted because of an alleged tort causing injury and damage discharges others who may be liable for the same tort and injury has been before this court many times. The Iowa cases have been made the subject of an exhaustive study by Judge Henry Graven of the United States District Court for the Northern District of Iowa, in Bolton v. Ziegler, 111 F. Supp. 516. The numerous cases are listed and analyzed by the able Federal Judge, whose conclusion is this:

"In general, three types of instruments are used in connection with arrangements between an injured person and one whom he claims is liable to him for his injuries. They are 'releases', 'releases with reservations', and 'covenants not to sue'.

The matter of which type of arrangement is used is of importance where there are others who may be liable to the injured person for the same injuries. *In general, the cases hold that the release of one releases all who may be liable,* but that a covenant not to sue does not have that effect. The cases are in hopeless confusion as to the effect to be given a 'release with reservations.'" See 111 F. Supp., page 523. (Italics supplied.)

There seems no doubt that the instrument executed and delivered to the railroad company was a full release. It is quite evidently not a mere covenant not to sue, and there are no reservations. But the plaintiff urges, and the trial court held, that it may be shown that the railroad company was not in fact liable for the injury; and further, that evidence may also be introduced on the question whether full compensation was in fact received from the company, and so no intent to release the defendant appears. The court said that the sum of $1000 under 1956 valuations is not likely to be thought full satisfaction of a claim for wrongful death of a small child, but "more nearly approximates what lawyers are accustomed to refer to as nuisance value."

It is true the rule that parol evidence may not be introduced to alter a written instrument does not apply when one not a party to the instrument seeks to claim an advantage under it. Middaugh v. Des Moines Ice & Cold Storage Co., 184 Iowa 969, 984, 169 N.W. 395, 400. But we think this does not aid the plaintiff. The question is not whether there was an intent to release defendant, but whether there was an intent to release the railroad company. As to this, the release is not denied, and it speaks clearly that the company is fully discharged from any liability. So, if there was an intent to release and discharge the company, it must follow that the claim is satisfied and cannot be again asserted against the present defendant. An injured party is entitled to but one satisfaction of his claim. We have repeatedly so held. Hutchinson v. Treloar, 229 Iowa 513, 514, 294 N.W. 787, 788; Barden v. Hurd, 217 Iowa 798, 802, 253 N.W. 127, 129; Phillips v. Werndorff, 215 Iowa 521, 523, 243 N.W. 525, 526; Farmers Savings Bank v. Aldrich, 153 Iowa 144, 150, 151, 133 N.W. 383, 386; Snyder

v. Mutual Telephone Co., 135 Iowa 215, 229, 112 N.W. 776, 780, 14 L. R. A., N. S., 321; Metz v. Soule, Kretsinger & Co., 40 Iowa 236, 238.

We have also quoted with approval in Middaugh v. Des Moines Ice & Cold Storage Co., supra, page 981 of 184 Iowa, page 399 of 169 N.W., from Lovejoy v. Murray, 3 Wallace (U. S.) 1, 17, 18 L. Ed. 129: " 'When the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damages.' "

II. Nor is it necessary that the one with whom the settlement is made and who is given the release and discharge shall have been a joint tort-feasor, or that it appear that he was in fact liable, or could have been so held. In Miller v. Beck & Co., 108 Iowa 575, 578, 79 N.W. 344, 345, we said: "* * * it has frequently been held that the validity and effect of a release of a cause of action does not depend upon the validity of the cause of action, and that if the claim is made against one, and it is satisfied, all who may be liable are discharged, whether the one released be liable or not." This was quoted with approval in Middaugh v. Des Moines Ice & Cold Storage Co., supra. In Miller v. Beck & Co., supra, page 582 of 108 Iowa, page 346 of 79 N.W., we also said: "A satisfaction, however, by whomsoever made, if accepted as such, is a bar to further proceedings on the same cause of action." This was quoted with approval in Snyder v. Mutual Telephone Co., supra, page 229 of 135 Iowa, page 781 of 112 N.W.

In Barden v. Hurd, 217 Iowa 798, 802, 803, 253 N.W. 127, 129, is this language: "Whether Bengston was responsible for the accident or not makes little difference here. The fact remains that plaintiff was making claims against him for damages resulting from the accident, and that such claims were settled by payment of the various sums mentioned and the execution of the releases we have referred to." See also Greiner v. Hicks, 231 Iowa 141, 147, 300 N.W. 727, 731, where we cited Barden v. Hurd, supra, on the same point.

III. It seems to have been the thought of the trial court that the adequacy of the settlement might be inquired into, and if it did not appear sufficient the defendant would not be released under the rules above set forth. In this the court fell into error. The question was fully and adequately answered in the Middaugh case, supra, where this court said:

"When we say 'full compensation' we do not use the words in the sense of complete or adequate compensation, nor such compensation as he might possibly have been entitled to recover, had the lawsuit been prosecuted to verdict and judgment. It was the right of the plaintiff to make peace with his adversary on such terms as to him seemed prudent and wise; and if they came to an agreement upon the amount which would satisfy plaintiff's demand for the loss and injury sustained by him, and he accepted payment, and executed a release on that basis, the consideration so demanded and received was, in a legal sense, full payment, and he cannot recover another or further payment from any other person for the same wrong." See page 981 of 184 Iowa, pages 398, 399 of 169 N.W.

This statement of the governing law was quoted in Latham v. Des Moines Electric Light Co., 232 Iowa 1038, 1041, 1042, 6 N.W.2d 853, 855, where we also said: "Appellant's contention that his damages were over $19,000 and that he received only $8,000 and therefore has not received full compensation for his injuries cannot be sustained. Whether a cause of action is released depends not on the amount of money received but on whether the amount received was accepted in full satisfaction of the claim."

IV. The plaintiff urges that there must be a difference between a "release" and a "satisfaction" of a claim. Whether this may be true in some cases we do not decide. Certainly in the case at bar the release evidences full satisfaction of plaintiff's claim against the railroad company. Its language is clear beyond argument. The company is "released and forever discharged" from all claims and demands; and it is in "full and final settlement" of all claims. No doubt remains that all claims of the plaintiff against the company have been satisfied. And we have pointed out that it is the satisfaction of his claim

against the third party, the railroad company, that is material here. That he was asserting a claim against the railroad is made evident by his application to the court, by the approving order, and by the release itself; and it is equally certain that the claim was for injuries sustained by his decedent in the same collision for which he now seeks compensation in the suit against the present defendant.

The defense, in this class of cases, depends upon two things: (1) Was there a settlement with and release and discharge given to a third party for a claim for injuries sustained? and (2) was the claim for the same injuries for which compensation is being sought in the case at bar? If these two things are present, plaintiff's claim has been satisfied and he can have no further recovery.

It is only necessary to point out again that the application for authority to settle, the authority given, the settlement made and the release and discharge from all liability are not denied here, but stand admitted in the pleadings. This being true, there was a satisfaction of the claim; for it is a mere play upon words to say that a full release and discharge of a claim is not a satisfaction. Certainly the release before us satisfied the claim against the railroad company, and in the absence of pleading and proof of fraud, duress or deceit it must be so held. It is not claimed here either by pleading or in argument that any further claim could now be asserted against the railroad; it is fully satisfied and discharged.

V. It must be admitted there is much confusion in our cases as to whether a full release to one against whom a claim for tortious injury is made discharges others who may be liable. Much of this arises because of failure to recognize the underlying principles set forth above. We hold, and the better considered cases cited so say, that it is not necessary that the parties be joint tort-feasors; it is sufficient that the same claim for the same injury is made against them. Also, the amount paid by the one released is not material; it is sufficient if it is accepted in full discharge and satisfaction.

Basically, we think, much of the confusion arises from failure to realize that in considering the effect of a full release

to one against whom the claim is made, the governing principle is that if the claim is satisfied as to the releasee it is thereby satisfied by operation of law against all others who may be or may be claimed to be liable for the same injury. It is then not competent to inquire as to the intent to release such other possible parties, because the law says they are released. Admitting the release and discharge of the one to whom the release runs, the claimant has admitted satisfaction of his claim, and there can be only one satisfaction. Such is the situation here.

VI. A few cases support, or seem to support, the appellee's position. Some of them can be distinguished, and in some the language relied upon is dictum. Middaugh v. Des Moines Ice & Cold Storage Co., supra, and Renner v. Model Laundry Cleaning & Dyeing Co., 191 Iowa 1288, 184 N.W. 611, involved our Workmen's Compensation statutes; and as we pointed out in Greiner v. Hicks, supra, 231 Iowa 141, 146, 300 N.W. 727, 730, 731: "The statute, in substance, entitles the employer to credit for *damages* paid by a third party *legally liable* therefor. Section 1382, Code, 1939." This section now appears as 85.22, Code of 1958. By the statute, the third party must have been legally liable under the Workmen's Compensation Act. The cases have no applicability here.

Lang v. Siddall, 218 Iowa 263, 273, 254 N.W. 783, 788, involved a covenant not to sue, and the language therein contained that "Even a release of one tort-feasor does not release another tort-feasor if in fact there was no joint liability" was not only dictum, but erroneous dictum, if it is interpreted to mean that a full release to one against whom a claim for a tortious injury is made does not release others who may be liable for the same injury. Turner v. Hitchcock, 20 Iowa 310, 315, embodies the same thought, and must be held to be likewise an incorrect statement of the law. See Division II above. The dictum in Lang v. Siddall is disapproved, and the holding in Turner v. Hitchcock is overruled.

Ryan v. Becker, 136 Iowa 273, 111 N.W. 426, 14 L. R. A., N. S., 329, while recognizing the rule that a release of one of two or more joint trespassers releases all, again holds that it may be shown by parol testimony that the party released was not in fact

liable and there was no intent to satisfy the judgment held against the defendant in the case then at bar. We dealt with this contention in Snyder v. Mutual Telephone Co., supra, 135 Iowa 215, 229, 112 N.W. 776, 781, 14 L. R. A., N. S., 321, where we said: "The vice of this instruction is that it requires the defendant to show as an affirmative fact, in order to sustain the settlement pleaded by it, that the light company was as a matter of law and fact liable for the injury. In other words, it requires the defendant to make out against the light company just such a cause of action as plaintiff would have been required to make out if she had sued the light company for the injury. *Clearly this is not the law."* (Italics supplied.) While this opinion appears in 135 Iowa and Ryan v. Becker in 136 Iowa, it was apparently written after the Ryan case was decided, since the latter is referred to in the Snyder case opinion. Ryan v. Becker was a case of satisfaction of a judgment against one who was sued for the same wrong alleged against the defendant, and it is somewhat difficult to determine its exact holding. Assuming, however, that it holds that when a full release and discharge for a valuable consideration has been given to one of two or more parties against whom is made the same claim for injury arising through tort, the release does not discharge the other parties, or that it may be shown that the discharged party was not in fact liable or there was no intent to release the others, we are not willing to follow it and it must be overruled. See Divisions II, III, IV and V above.

VII. The distinction between a full release and a covenant not to sue is well established in Iowa. While it may appear technical, it is firmly settled in our law, is well understood by the legal profession and we are not disposed to change the prevailing rule. There is no question here of a release with reservations, such as is discussed in Bolton v. Ziegler, supra, 111 F. Supp. 516. The release is full and categorical. It is admitted; it implies full satisfaction of the claim against the railroad company, against which the same claim was made for the same injury involved in the case now before us. Being satisfied against the railroad, it is the law that it is satisfied in full as to all others against whom it might be asserted. The trial

court should have held that it is a complete defense to plaintiff's asserted cause of action. The case is reversed and remanded with directions to sustain the defense pleaded in Division IV of the answers and to enter judgment dismissing each of the three cases.—Reversed and remanded.

All JUSTICES concur except OLIVER, J., not sitting, and THORNTON, J., who takes no part.