Kathleen **MULINIX**, a Minor by her Mother, Carol **MULINIX**, and Carol Mulinix, Plaintiffs/Cross-Appellants,

v.

**SAYDEL CONSOLIDATED SCHOOL DISTRICT,** Cindy Eschelman, Defendants-Appellants,

and

**Joy McDowell, Defendant.**

No. 84–1100.

Court of Appeals of Iowa.

Aug. 29, 1985.

Paul C. Thune of Peddicord & Wharton, Des Moines, for defendants-appellants.

Marc S. Harding, Des Moines, for plaintiffs/cross-appellants.

Charles E. Cutler of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for defendant.

Heard by DONIELSON, P.J., and SNELL and HAYDEN, JJ.

SNELL, Judge.

This case stems from a negligence action in which the plaintiff was injured when struck by defendant McDowell's car while exiting a school bus owned by defendant Saydel Consolidated School District and driven by defendant Eschelman. Following trial, the jury apportioned the fault of the parties as follows:

1. Kathleen Mulinix: 60% negligent.
2. Saydel Consolidated School District and Eschelman: 40% negligent.
3. McDowell: 0% negligent.

Before the jury returned its verdict, Mulinix and McDowell settled for $6,000.00. The jury awarded Mulinix $8,750.00 before reduction for comparative negligence. The jury also awarded the plaintiff Carol Mulinix, mother of Kathleen, $671.13. Defendants Saydel and Eschelman filed a motion to offset the jury verdict by the settlement paid by McDowell. This motion was overruled. Judgment was entered against Saydel and Eschelman in favor of Carol Mulinix for $671.12 and in favor of Kathleen Mulinix for $3,500.00. Saydel and Eschelman have appealed. Plaintiff cross-appealed claiming the jury erred in failing to award the full amount of medical expenses, $3,401.64.

The appellants argue that the court should have granted the motion to offset under the pro tanto credit rule first adopted by the Iowa Supreme Court in *Greiner v. Hicks*, 231 Iowa 141, 300 N.W. 727 (1941). In that case, the court held that the amount of consideration received by the plaintiff in reaching a settlement with any defendant reduces pro tanto the recovery the plaintiff is awarded against

any non-settling defendants. *Id.* at 146, 300 N.W. at 731. The court set forth the public policy underlying this policy: "The theory underlying these decisions is that while a party is entitled to full compensation for his injuries, there can be only one satisfaction therefore." *Id.* at 146–47, 300 N.W. at 731.

The holding and policy of *Greiner* was upheld in *Wadle v. Jones*, 312 N.W.2d 510, 512–14 (Iowa 1981). In that case, the plaintiff received a settlement of $45,000.00 from two tortfeasors and a judgment against the non-settling tortfeasor for $45,-125.59. On the basis of *Greiner* and confirming the theory that the plaintiff is entitled to one satisfaction, the court affirmed the offset and entered a judgment against the non-settling tortfeasor for $125.59.

 This doctrine was most recently addressed in *Glidden v. German*, 360 N.W.2d 716 (Iowa 1984). In that case the supreme court held that the pro tanto credit rule is applicable in comparative negligence cases controlled by the principles set forth in *Goetzman v. Wichern*, 327 N.W.2d 742 (Iowa 1983). *Id.* at 717. This case was tried under the comparative negligence principles set forth in *Goetzman*. Under the holding of *Glidden*, we are compelled to reverse the order of the lower court and allow the offset under the pro tanto credit rule. We reject appellees' argument that this case is analogous to a Minnesota case where the settling defendant was ultimately found not negligent. *Anunti v. Payette*, 268 N.W.2d 52, 56 (Minn.1978). The court found that when the settling defendant remains in the case following execution of the settlement and the jury finds him not negligent, then it would be inequitable to allow the non-settling defendant to profit from the settlement. The *Anunti* decision was relied on in *Shantz v. Richview, Inc.*, 311 N.W.2d 155, 156 (Minn.1981), affirming that the non-settling defendant is only liable for a percentage share of the total damages under the Minnesota statute. In *Glidden*, the Iowa Supreme Court expressly refused to adopt the reasoning and holding of *Shantz*. *Glidden*, 360 N.W.2d at 721. In addition, the supreme court has held that it is not necessary to show that the settling defendant was a joint tortfeasor and actually liable. *Wadle*, 312 N.W.2d at 515. Rather, "it was sufficient if it appears that the plaintiff could have sued the settling party." *Id.* The plaintiff clearly could, and in fact did, sue the settling party. We conclude that the trial court should have granted the motion for offset.

 Plaintiff cross-petitions asserting that the full amount of medical expenses as stipulated in the amount of $3,401.64 should have been allowed. The jury was properly instructed regarding mitigation of damages. We, therefore, find no error in its award of $671.13 to Carol Mulinix.

 Under the holding of *Glidden*, the supreme court also set forth the proper method of offset. *Glidden*, 360 N.W.2d at 718. Pursuant to that scheme the fault assessed against plaintiff is first deducted. From that net amount is then deducted the payment made by the settling tortfeasor. In *Jones v. City of Des Moines*, 355 N.W.2d 49, 51–52 (Iowa 1984), the method was determined for apportioning a settlement credit against awards to two plaintiffs. The settlement payment to the two plaintiffs is allocated against each verdict in the same ratio each verdict bears to the sum of the two verdicts. In the instant case the computations are as follows:

Kathleen Mulinix:
| | |
|---|---|
| Verdict | $8750.00 |
| Less 60% fault | 5250.00 |
| | $3500.00 |
| Less settlement paid | $5034.60 (3500/4171.13 × 6000) |
| Judgment | $ 0. |

Carol Mulinix:
| | |
|---|---|
| Verdict | $ 671.13 |
| Less 0% fault | - |
| Less settlement paid | 965.39 (671.13/4171.13 × 6000) |
| Judgment | $ 0. |

The order of the trial court is reversed and the motion for offset, in the manner above stated, is allowed. Costs are assessed against plaintiff.

REVERSED.