Kerry W. KNAUSS, Appellee,

v.

**CITY OF DES MOINES,
Iowa, Appellant.**

No. 83–607.

Supreme Court of Iowa.

Nov. 14, 1984.

J.M. Sullivan, Asst. City Atty., for appellant.

Alfredo G. Parrish and Stuart M. Pepper of Alfredo G. Parrish, P.C., Des Moines, for appellee.

Considered by UHLENHOPP, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

WOLLE, Justice.

In this personal injury action we have granted both parties' requests for further review of the court of appeals decision. The defendant City of Des Moines [city] contends that the court of appeals should have found the trial court's instructions inadequate in several respects. The plaintiff on the other hand supports each of the instructions given by the trial court and protests the court of appeals determination that a $10,000 settlement received by plaintiff from another tortfeasor must be credited against his $12,000 verdict. We find no error in the jury instructions. We also conclude that the city was not entitled to the credit allowed by the court of appeals. We vacate the court of appeals decision and affirm the trial court's rulings on all post-trial motions.

The one-car accident in which plaintiff initially sustained injuries generated unusual legal issues because of its bizarre aftermath. On November 30, 1980, plaintiff and his friend William Shellabarger went out drinking and were riding in Shellabarger's car when Shellabarger drove the car into a tree. Both men sustained personal injuries in the collision. Shellabarger was pinned behind the steering wheel, but plaintiff was able to remove himself from the vehicle. When a city policeman came upon the scene, Shellabarger was extricated and taken by ambulance to the hospital. Plaintiff, however, was not placed in the ambulance. Instead, the policeman first accompanied him to a convenience store where he was required to make an additional payment on a six pack of beer the two had obtained earlier. The policeman then arrested plaintiff for public intoxication, placed him in a paddy wagon, and delivered him to a police station where he was searched, fingerprinted, and jailed for the night. The following morning plaintiff was released after pleading guilty; he said he pleaded guilty to the public intoxication charge so he could go at once to a hospital. His wife immediately drove him to a hospital where he underwent surgical and medical treatment for multiple fractured ribs, internal bleeding, partial shock, contusions and abrasions.

The factual dispute for the jury to resolve centered upon whether the policeman and jailer should have known from what they observed and what plaintiff told them that he was in pain and needed immediate medical care. Plaintiff's physical appearance was consistent with both intoxication and physical injuries. He was in shock and unsteady on his feet. The policeman said plaintiff had declined medical assistance; plaintiff testified he requested but was denied medical treatment for his injuries.

Plaintiff initially sued both the city and Shellabarger in separate counts alleging that the city had negligently jailed him without providing him adequate medical care and that Shellabarger had negligently operated the automobile. Before trial, plaintiff settled with Shellabarger for $10,000, the amount of his automobile liability insurance coverage. The city then amended its answer to request a credit in that amount against any verdict returned, while plaintiff reduced his prayer for damages and narrowed his personal injury claim to the pain and suffering he endured during the time when the city's action deprived him of reasonable medical attention. The jury returned a verdict for $12,000, and the trial court denied the city's motion for a new trial and for a $10,000 credit. The court of appeals found that the city had received a fair jury trial but concluded that the trial court should have credited the

$10,000 settlement against the jury's verdict.

We first address a jurisdictional issue, then the city's challenge to jury instructions, and finally the question whether the city established a right to a $10,000 credit.

### I. *Jurisdiction.*

▆ Like the court of appeals, we find that we have jurisdiction to decide this appeal even though the trial court has not yet entered a final judgment. Entry of a final judgment is a prerequisite to a party's right to appeal. *Recker v. Gustafson*, 271 N.W.2d 738, 739 (Iowa 1978). Under our rules, however, we may exercise discretion to permit an appeal even though no party has filed a formal request for interlocutory appeal. Iowa R.App.P. 1(c), 2; *see Rowen v. LeMars Mutual Insurance Company*, 357 N.W.2d 579, 581 (Iowa 1984); *In Re Marriage of Steenhoek*, 305 N.W.2d 448, 450 (Iowa 1981). Although we permit interlocutory appeals only sparingly, we permit this appeal because the trial court has ruled on all post-trial motions. The absence of a judgment entry appears to be nothing more than an oversight that was not corrected before the city filed its notice of appeal.

### II. *Challenged Jury Instructions.*

▆ The city contends that the trial court's instructions were inadequate in several respects. On each challenged instruction the city offered its own proposed jury instruction and made timely objections. *See* Iowa R.Civ.P. 196. In determining whether the court's instructions fairly submitted to the jury all factual issues which were properly pleaded and supported by substantial evidence, we view the evidence in the light most favorable to the party requesting the instruction. *Anderson v. Low Rent Housing Commission*, 304 N.W.2d 239, 249 (Iowa) *cert. denied*, 454 U.S. 1086, 102 S.Ct. 645, 70 L.Ed.2d 621 (1981); *Miller v. International Harvester Co.*, 246 N.W.2d 298, 300–01 (Iowa 1976).

A. *Estoppel.* In its answer the city pleaded estoppel as a complete defense, alleging that because plaintiff told the arresting officer he was not injured, he should be "estopped to deny the statement." The trial court thereafter instructed the jury it could consider plaintiff's alleged failure to complain about injuries as one of the factors bearing upon the reasonableness of the city's actions. It rejected, however, an instruction proposed by the city under which plaintiff could recover no damages if he told the policeman he was not injured and the policeman acted in reliance upon the statement.

▆ We agree with the court of appeals that the trial court did not err in rejecting that proposed estoppel instruction. The city's instruction was incomplete because it did not include one element essential to the use of estoppel as a defense, the requirement that plaintiff has made the representation knowingly and with the intention that it be acted upon. *Dierking v. Bellas Hess Superstore*, 258 N.W.2d 312, 315–16 (Iowa 1977); *Holden v. Construction Machinery Co.*, 202 N.W.2d 348, 355–56 (Iowa 1972). Moreover, the party pleading estoppel must establish each of its elements by a preponderance of clear, convincing and satisfactory proof. *Dierking v. Bellas Hess Superstore*, 258 N.W.2d at 315. There is not substantial evidence here that plaintiff knew the full extent of his injuries when he allegedly told the officer he was not injured. To the contrary, the record shows that plaintiff was then in a state of shock and pain caused by internal injuries. Even viewed in the light most favorable to the city, the evidence here was insufficient to support the city's proposed estoppel instruction.

B. *Mitigation of Damages.* The city also pleaded in its answer that plaintiff failed to mitigate his damages because he did not exercise reasonable diligence to obtain necessary medical attention. *See R.E.T. Corporation v. Frank Paxton Co.*, 329 N.W.2d 416, 421–22 (Iowa 1983). On appeal plaintiff contends that the trial court's jury instruction was inadequate because it required proof that plaintiff "consciously, intentionally, and continuously"

refused to ask for or accept aid. The trial court's entire instruction number twelve on mitigation of damages provided:

If under the evidence and these instructions you find that the plaintiff is entitled to recover damages herein, you are instructed that it was the duty of the plaintiff to make use of reasonable means to effect as speedy and complete a cure of his injuries as could be reasonably accomplished under all of the circumstances. If you find from all the evidence that plaintiff consciously, intentionally, and continuously refused to ask for aid or to accept it if ordered or suggested to him, then in that event you shall reduce plaintiff's claimed damages for pain and suffering consistent with such period of time and that he did not ask for or accept aid as above qualified.

■■■ The burden of proving that plaintiff failed to mitigate his damages lies with the defendant. *Id.* at 422. We find, as did the court of appeals, that this instruction was well balanced. The court provided the appropriate standard of reasonableness with regard to plaintiff's duty to mitigate his damages. The trial court also tailored the wording of the instruction to the evidence presented by the parties. As the court of appeals wrote:

The plaintiff was removed from the collision site by a police "paddy wagon" and transported to jail. There he was processed and put in a cell for the remainder of the night. He was removed from the cell the next day and taken to a court appearance. Instruction twelve above, while stating the reasonableness requirement, incorporated the continuing duty of the defendant's officers to give the plaintiff first aid after they knew or had reason to know that the plaintiff was ill or injured. *See Lang v. City of Des Moines,* 294 N.W.2d 557, 560–61 (Iowa 1980).

We find nothing inappropriate or misleading in instruction number twelve. The trial court properly instructed the jury on the issue of mitigation of damages.

■■■ *C. Proof of Damages.* The city also contends that the jury was not adequately informed about the plaintiff's duty to prove damages to a reasonable degree of certainty. The city requested instructions emphasizing the need for "a reasonable basis for measuring the plaintiff's loss, if any", but the trial court formulated its own instruction on damages which provided in pertinent part:

[Plaintiff] is entitled to recover such damages and only such damages as have been shown by a preponderance of the evidence to have been sustained as the direct and proximate result of the negligence of the defendant. These are known in the law as compensatory damages, and the amount of the recovery will be the full, fair actual, present compensation for such damages as hereinafter instructed.

Plaintiff shall be entitled to a sum as will reasonably and fairly compensate him for any physical pain and suffering he endured during the time he was denied reasonable medical attention. The period will begin at a time when he should have reasonably been transported to a hospital and ends with the time he was actually released from jail.

The damages, if any you find, for pain and suffering cannot be measured by any exact standard but must rest in the sound discretion of the jury. Such discretion must not be exercised arbitrarily or out of passion or sympathy or prejudice for or against the parties but be based upon a fair, intelligent, dispassionate and impartial consideration of the evidence.

This instruction fairly presented the ideas that were contained within the city's requested instructions. A trial court is free to choose its own language and need not use the wording suggested by the parties. *Moser v. Brown,* 249 N.W.2d 612, 616 (Iowa 1977).

■■■ Plaintiff did not seek recovery from the city for loss of earnings, or disability, or even medical and hospital bills. He sought compensatory damages from

the city only for physical pain and suffering, an element of damages not subject to a rigid test of "reasonable certainty." We conclude that the trial court adequately instructed the jury on the law governing compensatory damages for physical pain and suffering. The instructions suggested appropriate guidelines for assessing the evidence and arriving at a fair verdict.

### III. *Effect of the Shellabarger Settlement.*

Our court has consistently applied the *pro tanto* credit rule to partial settlements of claims in litigation. We allow a dollar-for-dollar credit against a plaintiff's personal injury verdict for sums received in settlement from other tortfeasors. *See Jones v. City of Des Moines,* 355 N.W.2d 49, 52 (Iowa 1984); *Wadle v. Jones,* 312 N.W.2d 510, 512 (Iowa 1981); *Greiner v. Hicks,* 231 Iowa 141, 146–47, 300 N.W. 727, 731 (1941). The rule is based on the principle that "while a party is entitled to full compensation for his injuries, there can only be one satisfaction therefor." *Wadle v. Jones,* 312 N.W.2d at 513. All payments in settlement of a claim, except payments in the nature of a gratuity or arising from separate contract, fall under this rule which is designed to prevent the unjust enrichment of a double recovery. *Id.* at 514.

The city contends on appeal, and the court of appeals decided, that the $10,000 plaintiff received in settlement from Shellabarger was a payment falling under the *pro tanto* credit rule which must be credited against plaintiff's $12,000 damage award. We disagree, concluding as did the trial court that the city failed to show it was entitled to credit the settlement against the jury verdict.

The burden was on the city to plead and then establish its right to a credit. *See* Iowa R.App.P. 14(f)(5) ("Ordinarily the burden of proof on an issue is upon the party who would suffer loss if the issue were not established."); *Baker v. Beal,* 225 N.W.2d 106, 114 (Iowa 1975) (an affirmative defense is one resting on facts not necessary to support the plaintiff's case). The city did amend its answer to plead that it was entitled to credit for the $10,000 settlement, but it did not follow through thereafter to show that without such a credit the plaintiff would receive more than full compensation for his injuries, the primary reason for applying our *pro tanto* rule.

Although the plaintiff may have sustained a single injury as a result of the negligent acts of two tortfeasors, the damages he could recover from each of the two were not the same. From the city plaintiff was only allowed to recover for the physical pain and suffering incurred during the time he was denied medical attention. From Shellabarger he could have recovered for (but instead settled his claim for) such other items as medical and hospital bills, disability, and pain and suffering. Because the city did not establish in this record what amount would fairly represent full compensation for the combined injuries sustained by plaintiff as a result of both tortfeasors' actions, the city failed to prove a critical element for establishing its right to a *pro tanto* credit. We are unwilling to assume that $22,000 is a greater sum than a jury would have awarded plaintiff for all of his injuries. Our previous cases allowing *pro tanto* credits are therefore distinguishable, for in each the jury determined the total amount of damages caused by joint tortfeasors. *See Jones v. City of Des Moines,* 355 N.W.2d at 52 (total damage verdict of $63,000 reduced by $26,000 received in settlement); *Wadle v. Jones,* 312 N.W.2d at 514 (total damage verdict of $45,125.59 reduced by $45,000 received in settlement); *cf. Greiner v. Hicks,* 231 Iowa at 146–47, 300 N.W. at 731 (any total damage verdict received in new trial to be reduced by $2,750 received in settlement).

It is clear in this record that the parties and the court consciously narrowed and restricted plaintiff's proof on the issue of

damages so he would not be allowed any recovery for injuries caused solely by Shellabarger and not the city. The city's attorney requested and received assurance from plaintiff's attorney and the court before trial commenced that plaintiff was claiming damages only for his pain and suffering from the time he was arrested until he was released from jail. For this reason, the trial court in denying the city's post-trial claim for credit emphasized:

> Throughout these proceedings, the court meticulously separated out and permitted for jury consideration in the matter of damages only those proved damages that resulted to plaintiff as a result of his being confined in the Des Moines city jail for a period inconsistent with his state of health. No evidence of or consideration was permitted by the jury for any other injuries or damages sustained by the plaintiff, nor was any evidence permitted of actual hospital, medical and related expenses that were incurred by the plaintiff as a result of the accident which occurred prior to his aforementioned incarceration in the Des Moines city jail.

Plaintiff was not even allowed to introduce in evidence the medical and hospital bills which were incurred after he was released from jail. The city has entirely failed to establish that the $22,000 plaintiff has received exceeds the total damages he would have been entitled to recover had the verdict measured all of the injuries he incurred as a result of the collision and its aftermath.

We do not retreat from our adherence to the *pro tanto* rule for determining what part of a settlement must be credited against a damage recovery. We simply hold that the city established no basis in this record for crediting any part of the Shellabarger settlement against plaintiff's judgment for damages proximately caused by the city's negligence.

DECISION OF THE COURT OF APPEALS VACATED; DECISION OF DISTRICT COURT AFFIRMED.