Karla KOPSAS, A Minor by Gus
KOPSAS, Her Father and Next
Friend, Appellant,

and

Gus Kopsas and Elodis
Kopsas, Plaintiffs,

v.

The IOWA GREAT LAKES SANITARY
DISTRICT OF DICKINSON COUNTY,
Iowa, and Barbarossa & Sons, Inc., De-
fendants,

and

Johnson Bros. Highway & Heavy
Constructors, Inc., Appellee.

No. 86–351.

Supreme Court of Iowa.

June 17, 1987.

William B. Ridout of Sanderson, Ridout
& Martens, Estherville, for appellant.

Francis Fitzgibbons and Harold White of
Fitzgibbons Brothers, Estherville, for ap-
pellee.

Considered by REYNOLDSON, C.J.,
and McGIVERIN, WOLLE,
LAVORATO, and NEUMAN, JJ.

WOLLE, Justice.

This multiple-defendant tort suit, filed
prior to July 1, 1984 but tried after that
date, presents a question of first impres-
sion concerning the Iowa comparative fault
statute, Iowa Code chapter 668 (1985). We
conclude the Iowa legislature intended that
statute to eliminate the pro tanto credit
rule of *Glidden v. German*, 360 N.W.2d
716 (Iowa 1984), with the change applicable

to all tort actions tried after July 1, 1984. We therefore reverse and remand for entry of judgment for the plaintiff in an amount consistent with the statutory scheme.

The background facts are no longer in dispute. Plaintiff Karla Kopsas, a minor, was injured when a motorcycle she was driving collided with a barbed wire fence strung across a road that provided access to a sanitary sewer line station. She and her parents filed suit against the county sanitation district and the two construction companies that built and maintained the road. Before the case went to trial Karla received $3000 in settlement from one of the construction companies, Barbarossa & Sons, Inc. (Barbarossa). Claims against the remaining defendants were tried to a jury. By special verdicts the jury attributed to the plaintiffs and defendants the following percentages of comparative negligence:

| | |
|---|---|
| Karla Kopsas | 10% |
| Karla's Parents | 40% |
| Johnson Brothers | 10% |
| Barbarossa | 40% |
| Sanitary District | 0% |

The jury assessed Karla's damages at $50,000 but determined her parents had not been damaged.

With Barbarossa having settled and the sanitary district found not negligent, the trial court subsequently entered a judgment of $1,500 for Karla against Johnson Brothers Highway & Heavy Constructors, Inc. (Johnson). The trial court computed the amount of the judgment as follows:

| | |
|---|---|
| VERDICT | $50,000 |
| less Karla's 10% negligence | 5,000 |
| | 45,000 |
| Johnson's 10% negligence | 4,500 |
| pro tanto reduction—Barbarossa settlement | 3,000 |
| JUDGMENT against Johnson | 1,500 |

Karla contends her judgment against Johnson should have been for $5,000, ten percent of the jury's damage assessment. She argues the trial court committed two errors: (1) in making a pro tanto reduction of her damages by giving Johnson credit for the full amount she had received in the Barbarossa settlement; and (2) in applying

Johnson's percentage share of the causative negligence to $45,000 rather than the whole damage award of $50,000. Karla is correct on both issues.

I. The trial court in calculating the judgment against defendant Johnson used the pro tanto rule we had applied in *Glidden*, 360 N.W.2d 716. In *Glidden*, two plaintiffs received damage verdicts from one defendant who sought credit for funds paid by a settling tort-feasor. *Id.* at 718. We there applied a pro tanto rule crediting the entire amount of the settlement received by each plaintiff against each damage verdict. *Id.* at 722. Acknowledging that application of a pro tanto rule might substantially reduce the amount a nonsettling tort-feasor would be required to pay, we concluded that result was preferable to allowing a plaintiff to recover under a pro rata rule more than full compensation for the personal injuries sustained. *Id.* at 719.

It is important to note, however, that *Glidden* was not affected by the legislature's adoption of chapter 668. *Glidden* involved a tort action filed and tried after we abrogated the doctrine of contributory negligence in *Goetzman v. Wichern*, 327 N.W.2d 742 (Iowa 1983), but before July 1, 1984 when chapter 668 became operative. In cases tried during that time span all defendant tort-feasors were subject to joint and several liability for the entire amount of a plaintiff's judgment once the damage award was reduced by the percentage that represented the plaintiff's comparative negligence. *Rozevink v. Faris*, 342 N.W.2d 845, 850 (Iowa 1983); *accord Johnson v. Junkmann*, 395 N.W.2d 862, 866 (Iowa 1986). Our retention of unlimited joint and several liability in comparative negligence cases predating adoption of section 668.4 was an important factor in our *Glidden* decision retaining the pro tanto rule governing credit for settlements in those cases. *Glidden*, 360 N.W.2d at 720.

■ The instant case was governed not by the unlimited joint and several liability rule of *Rozevink* but by the modified rule of Iowa Code section 668.4, which states:

In actions brought under this chapter, the rule of joint and several liability shall

not apply to defendants who are found to bear less than fifty percent of the total fault assigned to all parties.

When the jury by special verdicts found that neither Johnson nor any other defendant was responsible for fifty percent of the combined negligence of plaintiffs and defendants, joint and several liability was effectively eliminated from this case. In that situation each defendant should be responsible for paying its own percentage share of the damages and ought not receive credit for amounts others have paid in settlement.

We cannot give meaning and effect to the modified joint and several liability doctrine of Iowa Code section 668.4 without considering other related provisions of chapter 668. *See Reese v. Werts Corp.,* 379 N.W.2d 1, 4 (Iowa 1985); *Baldwin v. City of Waterloo,* 372 N.W.2d 486, 493 (Iowa 1985). The provision governing releases and settlements, Iowa Code section 668.7, explains the proper method for calculating judgments when the plaintiff has settled with fewer than all the defendants.

A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. *However, the claim of the releasing person against other persons is reduced by the amount of the released person's equitable share of the obligation, as determined in section 668.3, subsection 4.*

Iowa Code § 668.7 (emphasis added).

■ In this case the equitable share for the defendant Johnson to pay was the percentage of causative negligence attributable to Johnson, ten percent of the damages. The released person, Barbarossa, did not pay any part of Johnson's share of the obligation, so Karla's recovery against Johnson ought not be reduced by the Barbarossa settlement.

■ II. It is clear the judgment against Johnson should be for ten percent of $50,000, not ten percent of $45,000. Johnson's ten percent share of the combined negligence of all parties already took into account the ten percent attributed to Karla for her comparative negligence, so the trial court erred in further reducing the Johnson share of the damages by requiring Johnson to pay ten percent of only $45,000. The judgment Johnson must pay is accurately reflected in the percentage of the causative negligence which the jury found to be its share, ten percent of $50,000. *See Beeler v. Van Cannon,* 376 N.W.2d 628, 629 (Iowa 1985) (judgment against defendant equals percentage of damage verdict); II *Comparative Negligence* § 13.30[1], at 13–30[1]–[2] (M. Bender 1987).

We reverse and remand for entry of an appropriate judgment for Karla in the sum of $5000 in accordance with the principles the legislature intended to apply to tort actions filed before July 1, 1984 but tried after that date.

REVERSED AND REMANDED.