Cynthia **THOMAS**, Appellee,

v.

Diane **SOLBERG**, Appellant.

No. 88–1092.

Supreme Court of Iowa.

June 14, 1989.

Michael J. Coyle and Norman J. Wangberg of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellant.

T. Todd Becker of the Tom Riley Law Firm, P.C., Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

In a partial settlement of a comparative fault case with two of three defendants, the plaintiff received $75,000. The jury ultimately found that the settling defendants were liable for less than this amount. In these circumstances does Iowa Code chapter 668 (1985) (comparative fault) permit the district court to apply the pro tanto credit rule thereby allowing the nonsettling defendant the benefit of the favorable settlement? The district court did not think so, nor do we. We affirm.

I. On November 16, 1985, Cynthia Thomas, the plaintiff, was injured in a three-car collision. Following the collision, Thomas sued Diane Solberg and Steven White, the drivers of the other two cars.

She also sued Sheila White, the owner of the car Steven was driving.

Before trial Thomas settled with the Whites for $75,000. Thomas then proceeded to trial against Solberg only.

The jury assigned 49% of the fault to Steven White and 51% to Solberg, and fixed Thomas's damages at $108,117.31. Apparently, Steven and Sheila White were treated as one party for purposes of allocating fault. *See* Iowa Code § 668.3(2)(b).

On November 10, 1987, the district court entered judgment against Solberg in the amount of $55,139.83 (51% × $108,117.31) together with interest from the date of the petition. After the court had ruled on post-trial motions, Solberg tried to satisfy this judgment by paying $43,994.28 into the clerk's office. This last amount was calculated as follows:

|  | $108,117.31 | Total damages fixed by jury |
| less | 75,000.00 | Credit for settlement with the Whites |
|  | $33,117.31 | |
| plus | 10,876.97 | Accrued interest on $55,139.83 judgment from filing of petition |
|  | $43,994.28 | Amount paid into clerk's office |

Thus, Solberg attempted to apply a dollar-for-dollar credit for the settlement with the Whites against the total damages, thereby reducing the judgment against her.

Thomas accepted the $43,994.28 but, instead of filing a full satisfaction of judgment, she filed only a partial satisfaction. In the partial satisfaction document, Thomas stated that as of January 16, 1988, $22,008.47 together with court costs and interest remained unsatisfied. She calculated the unsatisfied portion as follows:

|  | $55,139.83 | Judgment against Solberg only |
| plus | 10,862.92 | Accrued interest on $55,139.83 judgment from filing of petition |
|  | $66,002.75 | Total |
| less | 43,994.28 | Payment by Solberg |
|  | $22,008.47 | Portion of judgment unsatisfied |

Solberg then filed a motion pursuant to Iowa Rule of Civil Procedure 256, seeking an order that would require a full satisfaction of judgment according to her calculations. In her brief in support of the motion, Solberg contended that the pro tanto credit rule was still the law, notwithstanding enactment of Iowa Code chapter 668, Iowa's comparative fault statute.

The district court denied the motion, concluding that the Iowa legislature had intended to eliminate the pro tanto credit rule in comparative fault cases. The court then applied what is known as the proportionate credit rule. Solberg appeals from this ruling. She again contends that the pro tanto credit rule applies to comparative fault cases, at least in those cases in which a settlement results in the plaintiff receiving more than the verdict.

II. Had there been no settlement, Thomas's recovery would have been $108,117.31, the amount of damages fixed by the jury against all the defendants. According to the district court's ruling, Thomas would receive $130,139.83, or about $22,000 more than the jury allowed.

Solberg contends that she, rather than Thomas, should receive the benefit of this favorable settlement; otherwise, our long standing policy reflected in the pro tanto credit rule would be frustrated. That policy provides that the plaintiff should receive no more than has been lost as the result of some tortious act. *See Greiner v. Hicks,* 231 Iowa 141, 146–47, 300 N.W. 727, 730–31 (1941). In effect the policy is seen as prohibiting more than one recovery. Thus, according to the pro tanto credit rule every dollar of settlement should be credited to any recovery against a nonsettling defendant. *Id.; accord Wadle v. Jones,* 312 N.W.2d 510, 512 (Iowa 1981).

The narrow question we are to decide is whether Thomas or Solberg is entitled to the benefit of the favorable settlement with the Whites. The answer depends upon whether Iowa Code chapter 668 permits us to apply the pro tanto credit rule thereby denying Thomas the benefit of the favorable settlement. For the reasons that follow, we conclude that it does not.

As the commentators have pointed out, the states have not uniformly defined the effects of a partial tort settlement, which we have here. *See, e.g.,* Harris, *Washington's Unique Approach to Partial Tort Settlements: The Modified Pro Tanto Credit and the Reasonableness Hearing*

*Requirement,* 20 Gonz.L.Rev. 69, 73 (1984/85). It has been suggested that any jurisdiction enforcing joint and several liability and contribution among joint tortfeasors must address the following four fundamental issues in the context of partial settlements:

1. The amount of the nonsettling defendant's credit that reduces the [plaintiff's] award against [that defendant];
2. Whether the settling defendant is discharged from all future liability for contribution;
3. Whether the settling defendant's right to seek contribution from a nonsettling defendant survives the settlement. If it survives, the manner of determining the gross amount that the later contribution action will apportion;
4. Whether either the settling defendant or nonsettling defendant retains the right to assert a vicarious liability claim, or other type [of] indemnity claim, against the other.

Harris, 20 Gonz.L.Rev. at 73–74. Chapter 668 has a modified joint and several liability provision and allows contribution among joint tortfeasors. *See* Iowa Code § 668.4 (joint and several liability does not apply to defendants found to bear less than 50% of total fault assigned to all parties); *id.* § 668.5 (right to contribution allowed). Thus, all four issues are relevant in any discussion of the effects of partial settlements of comparative fault cases in Iowa.

The first issue—the amount of the nonsettling defendant's credit that reduces the plaintiff's award against that defendant—is squarely before us. To resolve it, states have devised credit rules based upon pro rata, pro tanto, or proportionate reductions of the plaintiff's ultimate recovery. No one rule, however, is a panacea, and each has substantial disadvantages. Harris, 20 Gonz.L.Rev. at 74.

As to the second issue, the enlightened approach is to recognize that the settling defendant must be discharged from all liability for contribution. *Id.* Our comparative fault statute is in accord with this approach. *See* Iowa Code § 668.7 (release, covenant not to sue, or similar agreement between claimant and a liable party discharges liable party from liability for contribution).

The suggested approach to the third issue is to allow the settling defendant who secures a release of a nonsettling defendant to assert a right of contribution against that defendant. Harris, 20 Gonz.L. Rev. at 74–75. Iowa has such a provision but allows the settling defendant to assert contribution only to the extent that the amount paid in settlement was reasonable. *See* Iowa Code § 668.5(2).

The fourth issue, which deals with the viability and postsettlement survival of defendants' indemnity claims, has generated various approaches, none of which, it is claimed, are adequate. Harris, 20 Gonz.L. Rev. at 75. Chapter 668 does not speak to this issue.

Returning to the three credit rules, we note that the pro rata credit rule reduces the nonsettling defendants' liability by an amount equal to the number of settling defendants divided by the total number of defendants. *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 430 (Tex.1984). For example, when a plaintiff settles with one defendant in a two-defendant case, the plaintiff's ultimate recovery is reduced by one-half. Similarly, in a three-defendant case, settlement with two defendants reduces the recovery by two-thirds.

In those jurisdictions applying the pro tanto credit rule, the plaintiff's recovery is reduced by the amount paid by the settling defendant. *See Greiner,* 231 Iowa at 146–47, 300 N.W. at 730–31; *accord Wadle,* 312 N.W.2d at 512. If, for example, the settling defendant pays $25,000 to settle, any subsequent recovery against the nonsettling defendant is reduced by that amount.

According to the proportionate credit rule, the plaintiff's recovery against a nonsettling defendant is reduced by the percentage of fault attributed to the settling defendant. *See Duncan,* 665 S.W.2d at 430. If the jury, for example, assesses total damages of $100,000 and assigns a percentage of fault of 25% to the settling defendant, the $100,000 is reduced by 25%.

In *Glidden v. German*, 360 N.W.2d 716, 718 (Iowa 1984), and in subsequent cases we have, we think, correctly labeled one rule as "pro tanto" and have contrasted it with one that we have perhaps incorrectly labeled as the "pro rata" rule. The label "pro rata" properly applies to the rule described by the Texas court in *Duncan*, 665 S.W.2d at 430. The rule we called "pro rata" in *Glidden* and in subsequent cases should more properly be called the "proportionate credit" rule, since the advent of comparative fault. As has been suggested,

> [a]lthough the concepts are not unrelated, such conceptual imprecision should be avoided. The pro rata rule involves a fixed, proportionate reduction. However, the term "pro rata" should be limited to situations involving undifferentiated, numerical shares. The term "proportionate" is descriptive of shares based on an apportionment of causal fault.

Harris, 20 Gonz.L.Rev. at 79 n. 24 (citation omitted).

The Uniform Comparative Fault Act drafted in 1977 utilizes the proportionate credit rule in partial settlements of comparative fault cases. Harris, 20 Gonz.L.Rev. at 99. Except for some provisions not pertinent here, Iowa Code chapter 668 closely parallels the Uniform Comparative Fault Act. Sections 6 and 2 of the Uniform Act embody the proportionate credit rule. *See* Unif.Comparative Fault Act § 6, 12 U.L.A. 52 (Supp.1989). Iowa Code section 668.7 is the counterpart of section 6, and Iowa Code section 668.3 is the counterpart of section 2.

The following italicized language of section 668.7 plainly spells out that the plaintiff's claim is reduced by the settling defendant's equitable share of the obligation:

> A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable discharges that person from all liability for contribution, but it does not discharge any other persons liable upon the same claim unless it so provides. *However, the claim of the releasing person [plaintiff] against other persons [nonsettling defendants] is reduced by the amount of the released person's [settling defendant's] equitable share of the obligation, as determined in section 668.3, subsection 4.*

Iowa Code § 668.7. The first sentence of this section is also clear—the nonsettling defendants are not to have any of their liability discharged because a plaintiff makes a good settlement. This section does not provide for any exceptions.

The "equitable share of the obligation" referred to in the above italicized language is the percentage of fault assigned to the settling defendant by the trier of fact. This is made clear by the following italicized language in Iowa Code section 668.3:

> 2. *In the trial of a claim involving the fault of more than one party to the claim, including* third-party defendants and *persons who have been released pursuant to section 668.7* [settling defendants], *the court,* unless otherwise agreed by all parties, *shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating all of the following:*
>
> a. The amount of damages each claimant will be entitled to recover if contributory fault is disregarded.
>
> b. *The percentage of the total fault allocated to each claimant,* defendant, third-party defendant, and *person who has been released from liability under section 668.7* [settling defendant]. For this purpose the court may determine that two or more persons are to be treated as a single party.
>
> 3. In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party and the extent of the causal relation between the conduct and the damages claimed.
>
> 4. *The court shall determine the amount of damages payable to each claimant by each other party, if any, in accordance with the findings of the court or jury.*

Iowa Code § 668.3. The italicized language in sections 668.7 and 668.3 can be reduced to the following statement: the plaintiff's recovery against nonsettling defendants is reduced by the percentage of

fault allocated to settling defendants. This is clearly the proportionate credit rule.

The comment to section 6 of the Uniform Act reinforces the notion that the proportionate credit rule is central to the Uniform Act's treatment of partial settlements. Because Iowa Code section 668.7 is the counterpart of section 6, the comment is also relevant to the meaning of this Iowa provision. Illustration no. 11 (effect of release) in the comment notes:

A was injured through the concurrent negligence of B, C and D. His damages are $20,000. A settles with B for $2000.

The trial produces the following results:

A, 40% at fault (equitable share, $8000)
B, 30% at fault (equitable share, $6000)
C, 20% at fault (equitable share, $4000)
D, 10% at fault (equitable share, $2000)

A's claim is reduced by B's equitable share ($6000)....

[C's and D's] equitable shares of the obligation are $4000 and $2000 respectively.

It is true we have not faced a similar issue nor undertaken a similar analysis. Nevertheless, we have stated, without hesitation, that Iowa Code chapter 668 was intended to eliminate the pro tanto credit rule for tort actions tried after July 1, 1984. *See, e.g., Kopsas v. Iowa Great Lakes Sanitary Dist.*, 407 N.W.2d 339, 339–40 (Iowa 1987); *Glidden*, 360 N.W.2d at 720. The plain meaning of Iowa Code sections 668.7 and 668.3 leaves us no choice but to impose the proportionate credit rule in all partial settlements of comparative fault cases, even though the settlement results in the plaintiff receiving more than the verdict. *See Le Mars Mut. Ins. Co. v. Bonnecroy*, 304 N.W.2d 422, 424 (Iowa 1981) (precise and unambiguous language is given its plain and rational meaning as used in conjunction with the subject considered); Iowa R.App.P. 14(f)(13) (to determine legislative intent we look to what the legislature said rather than what it should or might have said).

Other courts have imposed the proportionate credit rule in similar circumstances and have not been deterred because the settlement ultimately produced a result more favorable than the verdict. *See, e.g., Doyle v. United States*, 441 F.Supp. 701, 711 n. 5 (D.S.C.1977); *Kussman v. City and County of Denver*, 706 P.2d 776, 782 (Colo.1985); *Rambaum v. Swisher*, 435 N.W.2d 19, 23 (Minn.1989); *Charles v. Giant Eagle Markets*, 513 Pa. 474, 477–79, 522 A.2d 1, 2–3 (1987); *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 429–32 (Tex. 1984).

In *Duncan*, the nonsettling defendant urged a contention similar to the one put forth here: giving the plaintiff the benefit of a favorable settlement would frustrate Texas's prior "one recovery rule." Operating under modified comparative fault, the Texas supreme court opted for the proportionate credit rule and refused to follow its prior one recovery rule. It gave a number of reasons for doing so, but we find the following most pertinent and persuasive:

[T]he one recovery rule was originally adopted because the courts could not conceive of allocating liability. Injuries were considered indivisible; therefore, a settling defendant could only offer to pay for the whole injury, not just his part. A settlement greater than or equal to the amount of damages ultimately found by the trier of fact left nothing to pay for. Consequently, the plaintiff had no remaining injury for which he could recover.

The reasoning behind the one recovery rule no longer applies. The system of comparative causation we adopt allows allocation of liability between the parties, even when the injury itself is indivisible. Because each defendant's share can now be determined, it logically follows that each may settle just that portion of the plaintiff's suit. The settlement does not affect the amount of harm caused by the remaining defendants and likewise should not affect their liability.

*Duncan*, 665 S.W.2d at 431 (citation omitted). Simply put, the proportionate credit rule is compatible with comparative fault; the one recovery policy underlying the pro tanto credit rule is not.

In addition to logic, fairness also motivated the *Duncan* court:

A [proportionate] credit necessarily means that settling plaintiffs may recover more than the amount of damages ultimately determined, but they also may recover less. Plaintiffs bear the risk of poor settlements; logic and equity dictate that the benefit of good settlements should also be theirs.

*Id.* at 430; *see also Rambaum*, 435 N.W.2d at 23 (time to judge the fairness of the settlement agreement is at the time it is made).

Because the proportionate credit rule is not based, in whole or in part, upon the amount of the settlement, commentators also agree that under this rule

[t]he plaintiff profits from a wise settlement and suffers from a poor one. If the settling defendant pays more than his later established proportion of damages, the plaintiff, and not the nonsettling defendant, benefits. In a two-defendant case, the nonsettling defendant merely pays his proportionate share of the loss. The amount that the settling defendant pays is entirely irrelevant. For that reason, allocation of a settlement serves no useful purpose. In a proportionate system, the trier of fact's percentage determination on the merits, and not a pretrial judicial allocation of settlement value, sets the amount of the credit.

Harris, 20 Gonz.L.Rev. at 102; *accord* Wade, *Multiple Tortfeasor Liability in Products Liability Suits*, 55 Miss.L.J. 683, 703 (1985).

III. In summary, we hold that in partial settlements of comparative fault cases the proportionate, rather than the pro tanto, credit rule applies. This is so regardless of whether the plaintiff negotiates a partial settlement that ultimately results in the plaintiff receiving more than a jury or court award. In applying the proportionate credit rule, the district court simply credits the award against the nonsettling defendant with the settling defendant's equitable share of the total damages found by the trier of fact. This equitable share is determined by multiplying the total damages by the percentage of fault allocated to the settling defendant.

In this case, we conclude the district court properly applied the proportionate credit rule. Accordingly, the court was correct in overruling Solberg's Iowa Rule of Civil Procedure 256 motion. We therefore affirm.

AFFIRMED.