Rick JAMIESON, Appellee,

v.

Walter HARRISON d/b/a Ginger's Tavern, Appellant.

No. 94–466.

Supreme Court of Iowa.

May 24, 1995.

under a premises liability theory. *See* Iowa Code § 123.92 (1993) (imposing civil liability on dram shops for injuries caused by an intoxicated person).

Jamieson and Harrison agreed to a settlement of Jamieson's dram shop claim. Harrison paid Jamieson $9000. The settlement agreement specifically reserved Jamieson's premises liability claim.

The premises liability claim was tried to a jury resulting in a finding that both parties were fifty percent at fault. The jury found that Jamieson had suffered damages in the amount of $20,000. Pursuant to the comparative fault statute, Iowa Code chapter 668, the trial court reduced Jamieson's damages by his percentage of fault and entered judgment against Harrison for $10,000. *See* Iowa Code § 668.3(1) (1993) (claimant's damages must be reduced by "the amount of fault attributable to the claimant").

After judgment, Harrison filed a motion for a credit of the $9000 settlement proceeds against the $10,000 judgment. The trial court denied the credit. Harrison appealed.

On appeal, Harrison challenges the district court's refusal to allow a credit. He claims that the pro tanto credit rule applies and under that rule, he is entitled to a $9000 credit against the $10,000 judgment. Jamieson argues that the dram shop claim and the premises liability claim are separate and distinct and therefore, no set off should be allowed under any rule permitting credits for settlements.

Although we agree with Harrison that the pro tanto credit rule governs the handling of the settlement proceeds here, that fact does not entitle him to a credit. Therefore, the district court was correct in denying his request for a $9000 credit against the judgment.

Jacob J. Peters, Peters Law Firm, P.C., Council Bluffs, for appellant.

Randall J. Shanks of Gallner & Gallner, P.C., Council Bluffs, for appellee.

TERNUS, Justice.

Appellee, Rick Jamieson, agreed to a partial settlement of his claim. We must decide whether the pro tanto credit rule applies to the later judgment obtained by Jamieson against appellant, Walter Harrison, d/b/a Ginger's Tavern. We conclude it does. However, because there is no double recovery under the facts of this case, Harrison is not entitled to a credit for the monies paid pursuant to the settlement. Therefore, we affirm the district court's order denying a credit.

## I. *Background Facts and Proceedings.*

Jamieson was injured in a fight that occurred in Harrison's bar. He sued Harrison, alleging claims under the dram shop act and

## II. *Scope of Review.*

Whether the pro tanto credit rule applies is a question of law. *Glidden v. German,* 360 N.W.2d 716, 718 (Iowa 1984). We review the trial court's decision on that question to correct errors of law. Iowa R.App.P.

4; *see Dennis v. Christianson*, 482 N.W.2d 448, 450 (Iowa 1992).

Once it is decided that the pro tanto credit rule governs this case, we must determine whether Harrison carried his burden to prove his right to a credit. *See Knauss v. City of Des Moines*, 357 N.W.2d 573, 576 (Iowa 1984) (the burden is on the defendant to establish his right to a credit). The trial court did not reach this factual question because it did not think the pro tanto credit rule applied. Nevertheless, the facts that are material to an application of the rule are undisputed. If the only dispute concerns the legal consequences flowing from undisputed facts, the issue is one of law, not of fact. *Ottumwa Hous. Auth. v. State Farm Fire & Casualty Co.*, 495 N.W.2d 723, 726 (Iowa 1993). Therefore, we will review the undisputed facts to decide if Harrison carried his burden to establish his right to a credit. *See Citizens First Nat'l Bank v. Hoyt*, 297 N.W.2d 329, 332 (Iowa 1980).

### III. Does the Pro Tanto Credit Rule Apply?

The parties agree that Jamieson's premises liability claim was governed by the comparative fault statute. Under that statute, a proportionate credit rule applies to partial settlements of comparative fault cases. *See* Iowa Code § 668.7 (1993) ("the claim of the releasing person against other persons is reduced by the amount of the released person's equitable share of the obligation"). On the other hand, the dram shop claim settled by the parties is not subject to the comparative fault statute. *Slager v. H.W.A. Corp.*, 435 N.W.2d 349, 355 (Iowa 1989).

In *Freeman v. Ernst & Young*, 516 N.W.2d 835, 838 (Iowa 1994), we held that it was error for the court to assign a tortfeasor a percentage of fault for conduct not classified as "fault" under chapter 668. Conse-

quently, we reversed the trial court's judgment which had reduced the plaintiff's recovery by the amount of fault assessed to a party under a theory not subject to the comparative fault statute. *Freeman*, 516 N.W.2d at 839.

We think the same reasoning applies here. Because the dram shop claim could not result in a finding of fault under chapter 668, a settlement of that claim cannot be used as the basis for a proportionate credit under section 668.7. Nevertheless, we disagree with Jamieson's assertion that the settlement proceeds need not be considered at all.

Traditionally, a defendant has been entitled to a dollar-for-dollar credit for monies received by a plaintiff from settling parties in compensation for the plaintiff's damages. *Greiner v. Hicks*, 231 Iowa 141, 146–47, 300 N.W. 727, 731 (1941). This pro tanto credit rule continues to apply to cases not within the scope of the comparative fault statute. *Tratchel v. Essex Group, Inc.*, 452 N.W.2d 171, 181 (Iowa 1990). We can think of no reason this rule would not apply here where the proportionate credit rule of chapter 668 is inapplicable.

Although Harrison has successfully established the trial court's error in refusing to apply the pro tanto credit rule, that error alone does not require us to reverse the court's judgment. *Citizens First Nat'l Bank*, 297 N.W.2d at 332. If the trial court nevertheless reached the correct result, we must affirm. *Id.* "We are obliged to affirm an appeal where any proper basis appears for a trial court's ruling, even though it is not one upon which the court based its holding." *Id.* Therefore, although the trial court was incorrect in holding that the pro tanto credit rule was inapplicable, unless Harrison is entitled to a credit under the rule, the trial court did not err in failing to grant a credit.[1]

---

1. In the *Citizens First National Bank* case, the trial court had ruled that the Iowa Consumer Credit Code (ICCC) did not apply to the loan transaction between the defendant and the plaintiff bank. *Citizens First Nat'l Bank*, 297 N.W.2d at 331. On appeal, the defendant argued that the ICCC did apply and that certain actions of the bank violated the ICCC. *Id.* Our court

agreed with the defendant that the trial court erred in holding the ICCC inapplicable. *Id.* at 332. However, we did not reverse the trial court's judgment because we concluded that the court had reached the correct result. *Id.* We held the trial court had reached the correct result because upon our examination of the record, we concluded that the bank had not violated the

IV. *Did Harrison Carry His Burden to Prove His Entitlement to a Pro Tanto Credit?*

 The policy reflected in the pro tanto credit rule is "that the plaintiff should receive no more than has been lost as the result of some tortious act." *Thomas v. Solberg,* 442 N.W.2d 73, 74 (Iowa 1989); *accord Greiner,* 231 Iowa at 146–47, 300 N.W. at 731. It is designed to prevent a double recovery by the injured party. *Thomas,* 442 N.W.2d at 74; *Knauss,* 357 N.W.2d at 578. Consistent with these principles, we have held that the defendant must "show that without such a credit the plaintiff would receive more than full compensation for his injuries...." *Knauss,* 357 N.W.2d at 578.

Our analysis in the *Knauss* case is instructive here. In *Knauss,* the plaintiff was injured in a one-car accident and was immediately arrested and put in jail. *Id.* at 575. He later sued the driver of the car for negligent operation of the vehicle. *Id.* The plaintiff also brought an action against the city for negligently jailing him without providing adequate medical care. *Id.* Before trial the plaintiff settled with the driver for $10,000. *Id.*

The jury returned a verdict for $12,000 against the city and the trial court denied the city's request for a $10,000 credit against the verdict. *Id.* We affirmed the trial court's refusal of a credit because the city had not proved that the plaintiff would receive more than he could have recovered for his injuries. *Id.* at 579. We explained our decision in this way:

Although the plaintiff may have sustained a single injury as a result of the negligent acts of two tortfeasors, the damages he could recover from each of the two were not the same. From the city plaintiff was only allowed to recover for the physical pain and suffering incurred during the time he was denied medical attention. From [the driver] he could have recovered for (but instead settled his claim for) such other items as medical and hospital bills, disability, and pain and suffering. Be-

cause the city did not establish in this record what amount would fairly represent full compensation for the combined injuries sustained by plaintiff as a result of both tortfeasors' actions, the city failed to prove a critical element for establishing its right to a *pro tanto* credit. We are unwilling to assume that $22,000 is a greater sum than a jury would have awarded plaintiff for all his injuries....

... The city has entirely failed to establish that the $22,000 plaintiff has received exceeds the total damages he would have been entitled to recover had the verdict measured all of the injuries he incurred as a result of the collision and its aftermath.

*Id.* at 578–79.

This reasoning is relevant here because Jamieson's potential recovery under the dram shop act differed from his recovery under the premises liability theory. Under the dram shop act he would have been entitled to recover all of his damages with no reduction for his own comparative fault. *Slager,* 435 N.W.2d at 358 (comparative fault is not a defense to a dram shop action). Unlike the *Knauss* case, we need not guess what the amount of this recovery might have been here. The jury has established Jamieson's damages as $20,000. Consequently, had Jamieson successfully tried his dram shop case, he would have been entitled to a judgment of $20,000, the full amount of his damages. However, Jamieson's recovery under the premises liability theory was less because his comparative fault was a defense to that claim. Consequently, the trial court reduced his *damages* of $20,000 by the amount of his fault, resulting in a *judgment* for $10,000.

In arguing for a credit, Harrison focuses on Jamieson's *judgment.* He concludes that allowing Jamieson to recover the $10,000 judgment and keep the $9000 settlement would result in double recovery because $19,000 exceeds the $10,000 judgment. But the focus should not be on the judgment; it should be on the damages actually sustained

ICCC. *Id.* Therefore, the trial court's error did not require reversal. *Id.* at 333. The same reasoning applies here.

and recoverable. That is the focus we took in *Knauss* and in a later case, *Waukon Auto Supply v. Farmers & Merchants Savings Bank,* 440 N.W.2d 844 (Iowa 1989). In *Knauss* we looked at the amount that the plaintiff could have recovered had he pursued his settled claim. *Knauss,* 357 N.W.2d at 578. Similarly in *Waukon Auto,* we focused on the total damages sustained by the plaintiff rather than the amount recovered in the judgment at issue. *Waukon Auto,* 440 N.W.2d at 851 (plaintiff sustained losses of $35,000, settled with one party for $5800 and received a judgment for $25,160.79; held no double recovery because total of settlement and judgment ($30,960.79) was less than $35,-000 damages).

We take the same approach here. Focusing on Jamieson's recoverable damages of $20,000, it is readily apparent that there is no double recovery if the settlement of $9000 does not exceed his damages of $20,000. Therefore, there is no double recovery and Harrison is not entitled to a credit.

Harrison has failed to prove that the trial court erred in refusing his motion for a credit. Therefore, we affirm the district court.

**AFFIRMED.**

All justices concur except HARRIS, J., and McGIVERIN, C.J., who dissent.

HARRIS, Justice (dissenting).

I respectfully dissent. In order to affirm, the majority has discovered and applied a legal theory that was not considered by the trial court and was not argued, or even suggested, by any party. The majority's holding cuts new ground. It ties the pro tanto credit, not against the comparative fault judgment, but against the jury's finding of Jamieson's total damages. This seems a plausible, though not an inevitable, conclusion. The $10,000 judgment already reflects the net due Jamieson under the comparative fault Act. An argument might be made that the majority's theory would make more sense

only if applied in the converse situation, where a comparative fault settlement is being claimed as a pro tanto credit in a dramshop suit.

I would not decide the question. My disagreement with the majority is grounded in the belief that the theory was inappropriate for consideration. Can a litigant inject a new legal theory at the appellate level? Apparently the answer is yes, but only if its purpose is to affirm, not reverse, the trial court. *Johnston Equip. Corp. v. Industrial Indem.,* 489 N.W.2d 13, 16–17 (Iowa 1992); *City of Marion v. National Casualty Co.,* 431 N.W.2d 370, 374 (Iowa 1988). *See generally* 5 C.J.S. *Appeal and Error* § 715 (1993); 5 Am.Jur.2d *Appeal and Error* § 727 (1962).

Is it appropriate for this court, rather than the litigants, to inject the new theory? The answer, at least under our more recent cases, is that it can be appropriate. *Kramersmeier v. R.G. Dickinson & Co.,* 440 N.W.2d 873, 876 (Iowa 1989); *Kelly v. Iowa Valley Mut. Ins. Ass'n,* 332 N.W.2d 330, 333 (Iowa 1983).

These cases should not cause us to independently suggest and apply the new theory in the present case. Only in rare circumstances should we decide appeals on theories not suggested by litigants in their briefs.[1] Certainly we should not do so with a theory that is reasonably subject to debate so that the outcome might be changed if both sides were to be briefed and argued in the customary manner.

I consider the majority's answer to the controlling question to be debatable. I would prefer to accord Harrison's counsel the opportunity to at least argue the opposite side. Harrison's counsel will no doubt be astonished to have prevailed on every point briefed and argued, only to lose because of the ramification injected by this court's majority.

Harrison contended for a pro tanto credit. In resisting, Jamieson limited his argument

---

1. To all other uncertainties faced by litigants who must choose whether to invest in an appeal—or invest in defending against one—there should not be added the fear that this court is highly likely to inject a legal theory of its own choosing, and decide the case on that theory without benefit of the parties' briefs or arguments. It would be far more prudent, and eminently more fair, to leave it to counsel to frame the issues and for us usually to limit the decision to those issues presented.

in district court and on appeal to a claim that he should prevail by applying the proportionate credit rule. Harrison was right; the pro tanto rule applies and the proportional credit rule (or some suggested application of it) does not. This was the end of the dispute as counsel framed it upon submission of the appeal to us. I would save for a case in which it is briefed the question whether Jamieson can nevertheless be rescued because the pro tanto rule can be applied in a way he never suggested. The case should be reversed.

McGiverin, C.J., joins this dissent.